**Travis Eugene GRIGGS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–00310–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 6, 2003.

---

Terrence A. Gaiser, Houston, for Appellant.

Kelly Ann Smith, Asst. District. Atty., Houston, for Appellee.

* The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Panel consists of Justices HEDGES, KEYES, and EVANS.*

## OPINION

EVELYN V. KEYES, Justice.

Travis Eugene Griggs, appellant, was convicted of aggravated sexual assault. The jury assessed punishment at 45 years' confinement. Appellant's conviction was affirmed by this Court in *Griggs v. State*, No. 01–99–00488–CR, 1999 WL 1063453 (Tex.App.-Houston [1st Dist.] Nov. 24, 1999) (not designated for publication). Appellant filed a motion requesting post-conviction DNA testing pursuant to Code of Criminal Procedure articles 64.01–.05. *See* Tex.Code Crim. Proc. Ann. art 64.01–.05 (Vernon Supp.2003). The State filed a response to appellant's motion, as required by article 64.02. A hearing was held in the presence of the State and appellant's counsel. Appellant was not present at the hearing, and appellant's counsel objected to his absence. The trial court determined that there was no question of identity in the case and denied appellant's motion for DNA testing. We affirm.

### Issues

In two points of error, appellant argues that the trial court erred in conducting a final hearing regarding appellant's post-trial DNA motion without appellant's being present. In his first point of error, appellant states that his federal constitutional right to due process of law was violated because he was not present during the hearing. However, appellant's first point of error, as briefed, does not address his right to due process of law under the Fourteenth Amendment to the United States Constitution;[1] instead, ap-

1. U.S. Const. amend. XIV.

pellant argues that his Sixth Amendment right to confrontation and cross-examination was violated.[2] In his second point of error, appellant argues that his state constitutional right to confrontation and cross-examination [3] under article one, section 10 of the Texas Constitution was violated because he was not present during the hearing. We address appellant's points of error together.[4]

## Discussion

The Texas Code of Criminal Procedure allows a convicted person to submit a motion to the convicting court for forensic DNA testing of evidence containing biological material. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–.05. The motion must be accompanied by the convicted person's affidavit attesting to facts in support of the motion. *Id.*, art. 64.01(a). The convicted person is entitled to counsel during the proceeding on the motion. *Id.*, art. 64.01(c). Upon receipt of the motion, the convicting court must provide a copy to the State, and it must require the State to deliver the evidence to the court, along with a description of its condition, or to explain in writing to the court why it cannot do so. *Id.*, art. 64.02.

The convicting court may order forensic DNA testing only if: (1) the court finds that (A) the evidence still exists and is in a condition making DNA testing possible and that it has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and (B) identity was or is an issue in the case; and (2) the convicted person estab-lishes by a preponderance of the evidence that (A) a reasonable probability exists that he would not have been prosecuted or convicted if exculpated by DNA evidence; and (B) the request for testing is not made for delay. *Id.*, art. 64.03(a)(1), (2). An appeal of the convicting court's finding under article 64.03 is to the court of appeals, unless the defendant was convicted in a capital case, in which case, appeal is directly to the Texas Court of Criminal Appeals. *Id.*, art. 64.05.

Appellant's affidavit alleged that evidence containing biological material still existed and was in a condition to be tested for DNA, that the evidence had been subject to a sufficient chain of custody, and that identity was an issue. The State's response included affidavits from the Harris County District Clerk's office and the Houston Police Department Crime Laboratory reflecting that there was no evidence in their custody. The State's response contained an affidavit from the Houston Police Department (HPD) and an Evidence Record from the HPD Property Room, however, stating that the HPD had custody of clothes and a rape kit. Both counsel for appellant and counsel for the State appeared at the hearing on appellant's motion.

The trial court determined that there was no question of identity in the case, and it denied appellant's motion for DNA testing. The court relied on its own knowledge of the facts of the case, the State's motion to dismiss, which was filed in response to appellant's motion, and the affidavits and records submitted in support of

---

**2.** U.S. CONST. amend. VI.

**3.** TEX. CONST. art. I, § 10.

**4.** Appellant has not made a distinction between the rights he is afforded under the federal Constitution and the Texas Constitution. Therefore, the court may dispose of his points of error by addressing only the federal Constitution. *Johnson v. State*, 853 S.W.2d 527, 533 (Tex.Crim.App.1992) (declining to address appellant's arguments regarding his state constitutional rights when appellant has not made a distinction between the federal Constitution and the Texas Constitution).

that motion, as well as on the arguments of counsel. Appellant appealed, claiming that he had a constitutional right to be present at the post-conviction DNA hearing and to cross-examine witnesses.

■ The Texas Court of Criminal Appeals has held that, in enacting article 64.05, the Legislature intended to authorize appellate review of all of a convicting court's article 64.03 determinations, including both findings of fact and conclusions of law. *Kutzner v. State*, 75 S.W.3d 427, 435 (Tex.Crim.App.2002); *Cravin v. State*, 95 S.W.3d 506, 508 (Tex.App.-Houston [1st Dist.] 2002, pet. filed). Here appellant challenges only the constitutionality of the proceedings below. The constitutionality of the trial court's interpretation of a statute is a question of law. *See State ex rel. State Dep't of Highways & Public Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002) (statutory construction is a legal question to be reviewed de novo). Therefore, under article 64.05, appellant properly appealed to this court.

In construing a statute, we try to determine and give effect to legislative intent. *Kutzner*, 75 S.W.3d at 433. If the language of the statute is unambiguous, we construe it according to its plain meaning. *Id.* Chapter 64 of the Criminal Code provides that a convicted person who seeks DNA testing is entitled to counsel during a proceeding under the chapter; and, if indigent, he is entitled to appointed counsel. Tex.Code Crim. Proc. Ann. art. 64.019(c). His interests are further protected by the statute's requirement that the State deliver the evidence to the convicting court or explain why it cannot,[5] and by the provision for appellate review of the convicting court's determinations of law and fact.[6]

■ We infer from this carefully articulated statute that the legislature considered the appropriate level of protection due the interests of convicted persons seeking DNA testing and enacted those protections it intended to enact. As the Texas Court of Criminal Appeals has held, "Nothing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to DNA testing." *Rivera v. State*, 89 S.W.3d 55, 58–59 (Tex.Crim.App.2002); *Cravin*, at 509. It follows, and this court has held, that a convicted person has no constitutional right to be present at a post-conviction DNA hearing, nor does he have a right to cross-examine witnesses. *Cravin*, at 510. We agree that there is no constitutional infirmity in the omission of such rights from the protections afforded a convicted person in a proceeding on a motion for DNA testing under Chapter 64 of the Criminal Code.

We overrule appellant's first and second points of error.

### Conclusion

We affirm the order of the trial court.

FRANK G. EVANS, Justice, concurring (Assigned).

I concur in the holding of the majority because, as stated in the majority opinion, the Texas Court of Criminal Appeals held in *Rivera v. State*, 89 S.W.3d 55, 58–59 (Tex.Crim.App.2002), "[n]othing in Article 64.03 requires a hearing of any sort concerning the trial court's determination of whether a defendant is entitled to DNA testing." This court, of course, is bound to follow the statutory construction enunciated by the Texas Court of Criminal Appeals

---

5. Tex.Code Crim. Proc. Ann. art. 64.02.

6. Tex.Code Crim. Proc. Ann. art. 64.05.

in *Rivera.* *See, Southwick v. State,* 701 S.W.2d 927, 929 (Tex.App.-Houston [1st Dist.] 1985, no pet.).

Accepting the ruling of the Texas Court of Criminal Appeals that the trial court was not required to conduct "any sort" of hearing before making its determination under Article 64.03, I also agree with the majority that the appellant had no constitutional right to be present or to cross-examine witnesses in the Article 64.03 proceeding.

Although I join the majority in its holding, I am concerned about the practical impact of the *Rivera* court's statutory construction of Article 64.03. I recognize, as the concurring opinion in *Rivera* points out, that Chapter 64 does not prohibit a trial court from conducting an evidentiary hearing before making an Article 64.03 determination. I also acknowledge that, even in the absence of such a hearing, the convicted person's counsel may be some help in preparing the Article 64.01 motion and, if the trial court denies the motion, in seeking judicial review of the trial court's discretionary ruling. But I am concerned that the legislature's evident intent in enacting Chapter 64 may be thwarted if trial courts do not afford an adequate opportunity to convicted persons and their counsel in appropriate cases to make a meaningful presentation on the issues raised by the statute.