**Michael Joseph CADDIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–03–00570–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 15, 2004.

Discretionary Review Refused Dec. 1, 2004.

Peter Adams, Houston, TX, for Appellant.

Peyton Z. Peebles, III, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney-Harris County, Houston, TX, for appellee.

Panel consists of Chief Justice RADACK and Justices BLAND and CHRISTOPHER.[1]

## OPINION

JANE BLAND, Justice.

A jury convicted appellant Michael Joseph Caddie of aggravated sexual assault in 1985, and assessed punishment at 70 years confinement. Our court affirmed Caddie's conviction. *Caddie v. State*, No. 01–86–00010–CR, 1986 WL 10215 (Tex. App.-Houston [1st Dist.] Aug 14, 1986, no pet.) (not designated for publication). In November 2002, Caddie moved in the trial court for post-conviction DNA testing, pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 64.01–64.05 (Vernon Supp. 2004). The trial court denied Caddie's motion. Caddie appeals the order denying his motion for forensic DNA testing, contending that the denial violates his constitutional right to confront witnesses and to due process of law. He further contends that the trial court erred in considering affidavits offered in support of the State's response to his motion. We conclude that the trial court properly denied Caddie's motion, and therefore affirm the order.

## Background Facts

The State offered affidavits from the records custodians of the Harris County District Clerk, the Houston Police Department (HPD) Crime Lab, and the HPD Property Room. Each custodian swore that his or her department possessed no evidence relating to Caddie's conviction. The trial court, in its findings of fact and conclusion of law, found that Caddie failed to show, pursuant to article 64.03(a)(i), that DNA evidence "still exists and is in a condition making DNA testing possible." TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(i).

## The Constitutional Claims

Caddie contends that the denial of testing violates his federal and state constitutional rights to confront witnesses and to due process because (1) he was not present when the trial court considered his motion for DNA testing and (2) he could not cross-examine the State's witnesses, as they testified in affidavit form. In connection with this latter complaint, Caddie contends that the trial court erred in considering, over his hearsay objection, the State's affidavits.

Caddie fails to identify the distinction, if any, between the Confrontation Clause rights afforded in the Sixth Amendment to the United States Constitution and those afforded in Article I, Section 10 of the Texas Constitution. We therefore review Caddie's state and federal constitutional claims together. *See Lagrone v. State*, 942 S.W.2d 602, 614 (Tex.Crim.App.1997) (declining to address alleged violations of Texas Constitution when no distinction made between rights afforded under Texas Constitution and United States Constitution); *Johnson v. State*, 853 S.W.2d 527, 533 (Tex.Crim.App.1992); *Griggs v. State*, 99 S.W.3d 718, 720 n. 4 (Tex.App.-Houston [1st Dist] 2003, pet. filed).

 We conclude that Caddie's absence from the hearing does not violate

---

1. The Honorable Tracy Christopher, Judge of the 295th State District Court of Harris County, Texas, participating by assignment. *See*

TEX. GOV'T CODE ANN. § 74.003(h) (Vernon Supp.2004).

his Confrontation Clause rights. *Cravin v. State*, 95 S.W.3d 506, 509–10 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) ("[A]ppellant's exclusion from the post-conviction DNA hearing did not implicate his rights under the Confrontation Clause."). We further conclude that the Due Process Clause of the United States Constitution does not require that an applicant be present at a proceeding on a motion for forensic DNA testing. *Id.* at 510–11 ("[T]here is nothing fundamentally unfair about the procedures set out in chapter 64 and followed by the convicting court … the procedures do not violate appellant's due process rights."). Like habeas corpus proceedings, the Confrontation Clause does not require a defendant's presence at the post-conviction DNA proceeding, and a defendant has no separate constitutional right to cross-examine witnesses who offer affidavits about whether testable evidence exists. *Cravin*, 95 S.W.3d at 509–10.

■ Caddie's complaint as to the use of affidavits is similarly without merit. In *Cravin v. State*, we rejected the contention that the Confrontation Clause prohibits a trial court from considering affidavits in connection with a motion for forensic DNA testing. 95 S.W.3d at 510–11. We also rejected the defendant's contention that affidavits constitute inadmissible hearsay. *See id.* at 511. We held that Chapter 64 allows the State to either submit DNA evidence for testing or to explain in writing why it could not provide the evidence, and thus "the convicting court … may reach [its] decision based on the sufficiency of the State's written explanation. No evidentiary hearing is required, and the [S]tate is not required to accompany its response with affidavits." *Id.* at 509; *see also* Tex.Code Crim. Proc. Ann. art. 64.03.

## The Denial of the Motion

Chapter 64 of the Code of Criminal Procedure requires the State to submit DNA evidence for testing or explain in writing why it cannot provide the evidence. Tex.Code Crim. Proc. Ann. art. 64.02. The convicting court may determine whether DNA evidence exists and is in a condition to be tested, based on the sufficiency of the State's written explanation. *Id.* at art. 64.03; *Cravin*, 95 S.W.3d at 509.

■ We review the trial court's decision with regard to DNA testing using a bifurcated standard of review, articulated in *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We defer to the trial court's determination of historical facts, and its application of law to the facts if it turns on credibility and demeanor, and review de novo applications of law to the undisputed facts. *Id.; see also Rivera v. State*, 89 S.W.3d 55, 59 (Tex.Crim.App. 2002). Employing this standard, we defer to a trial court's finding as to whether the claimed DNA evidence exists and is in a condition to be tested. *Rivera*, 89 S.W.3d at 59.

■ Caddie contends that the State failed to satisfy its burden of showing that no evidence exists to test, because "Harris County has within its territorial boundaries a plethora of police and other law enforcement agencies." Caddie urges that samples of his DNA "could have been sent to any number of additional outside laboratories or agencies," and thus the State failed to carry its burden.

■ We disagree. Chapter 64 does not require the State to obtain an affidavit of no testable evidence from every laboratory and police agency in the region. Rather, the State must "deliver the evidence to the court, along with a description of the condition of the evidence" or "explain in writing to the court why the state cannot

deliver the evidence to the court." TEX. CODE CRIM. PROC. ANN. art. 64.02(2). Here, the State averred that no testable DNA evidence existed from cause number 419171, based upon HPD incident number 4431185. The State submitted the affidavits of the records custodians of the Harris County District Clerk, the HPD Crime Lab, and the HPD Property Room. The record indicates that the offense occurred in Harris County and was investigated by HPD. Caddie did not complain in the trial court that the State's affidavits left open the possibility that evidence existed elsewhere, and he pointed to no evidence to support his contention. Without a showing of any basis for such a possibility in the trial court, we conclude that the evidence before the trial court was sufficient to support its finding.

Moreover, the State's response to Caddie's motion explained that no evidence existed to test because Caddy's underlying conviction in cause number 419171, is based upon offense report number 4431185, and "according to the Houston Police Department Property Room records, the HPD Property Room is not in possession of any property and/or evidence related to HPD offense report number 4431185." Furthermore, "the records of the HPD Crime Laboratory reflect that the Crime Laboratory is not in possession of any evidence related to HPD offense report number 4431185." Finally, the State explained, "[a]ccording to the Harris County District Clerk's Office's records, the Harris County District Clerk's Office destroyed the evidence in cause number 419171 on or about April 4, 1995." We conclude that the State's explanation in its response to Caddie's motion is sufficient to support the trial court's finding that DNA evidence to test does not exist.

### Conclusion

Neither the Due Process Clause nor the Confrontation Clause of the United States Constitution requires that an applicant be present at a hearing on a motion for forensic DNA testing. Nor do they prohibit a trial court from considering affidavits in connection with such an application. Here, sufficient evidence supports the State's explanation that no DNA evidence exists to test. We therefore affirm the trial court's order.