Opinion issued January 13, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00126-CR




TOMMIE THOMPSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 356973




MEMORANDUM OPINION
          Appellant, Tommie Thompson, Jr., pleaded not guilty to the offense of
aggravated rape. On October 27, 1982, the jury found him guilty and assessed
punishment at life in prison. Appellant’s judgment and sentence were affirmed by
this Court on January 12, 1984. On January 15, 2004, the trial court denied
appellant’s motion for post-conviction DNA testing. Appellant presents six issues
on appeal. In his first and second issues, appellant asserts that conducting the final
hearing on his motion without his being present violated his federal constitutional
right to due process and his state constitutional right to confrontation and cross-examination. In his third and fourth issues, appellant complains that the State was
allowed to present affidavits from the State’s witnesses and that no evidentiary
hearing was held, and that this denied him the opportunity to confront and cross-examine the affiants in violation of his federal and state constitutional rights. In his
fifth and sixth issues, appellant asserts that the affidavits were inadmissible hearsay
and that the evidence is insufficient to establish that the State does not possess any
biological materials to test. We affirm.
BACKGROUND
          As permitted under the Texas Code of Criminal Procedure, appellant filed a
post-conviction motion requesting DNA testing of evidence he “believed” the State
possessed, including the victim’s clothing, fingernail scrapings, pubic hair, and other
evidence. Tex. Code Crim. Proc. art. 64.01 (Vernon Supp. 2004). The State, in
response to appellant’s motion, claimed that he had not met the requirements of
article 64.03, which allows the convicting court to order forensic DNA testing “only
if the court finds that the evidence still exists in a condition making DNA testing
possible” and the person convicted has established “by a preponderance of the
evidence that the person would not have been convicted if exculpatory results had
been obtained through DNA testing.”


 Id. art. 64.03(a). The State’s response
included supporting affidavits from the Harris County Clerk’s office, the Houston
Police Department (“HPD”) and the HPD Crime Lab, which state that the evidence
appellant seeks for DNA testing is not in their possession.


 
                                                       DISCUSSION
          Appellant’s first and second issues are based on his assertion that he had a right
to be present at the final hearing on his post-conviction motion for DNA testing.
Appellant has no such right. See Craven v. State, 95 S.W.3d 506, 509-510 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d) (holding that post-conviction DNA
hearing is analogous to habeas corpus proceeding and that appellant’s exclusion did
not implicate his rights under Confrontation Clause or Due Process Clause). The trial
court did not err in relying on the State's responsive motion and supporting affidavits
when it dismissed appellant’s motion. Id. at 510 (“[T]hese documents were not
accusatory, they were filed in response to appellant's motion. Unlike a criminal trial,
consideration of a post-conviction DNA proceeding does not necessarily involve any
witnesses or accusations against the appellant”) (citations omitted). Appellant’s first
and second issues are overruled. 
          Appellant’s third and fourth issues are based on his assertions that the trial
court was required to hold an evidentiary hearing on whether or not biological
material existed to test and that the trial court improperly considered the State’s
supporting affidavits. In his fifth issue appellant further complains that the affidavits
were inadmissible hearsay. The trial court did not err in relying on the State's
responsive motion and supporting affidavits when it dismissed appellant’s motion. 
Id. at 509. On receipt of appellant’s motion, the State was required to deliver the
evidence or explain in writing why it cannot do so. Tex. Code Crim. Proc. art.
64.02(2) (Vernon Supp. 2004). The State’s responsive motion and affidavits were not
accusatory; they were filed in response to appellant's motion as is required by article
64.02. Craven, 95 S.W.3d 506 at 509 (“Unlike a criminal trial, consideration of a
post-conviction DNA proceeding does not necessarily involve any witnesses or
accusations against the appellant.”). The trial court may reach its decision on whether
or not evidence exists to be tested, “based on the sufficiency of the [S]tate’s written
explanation.”


 Id. Appellant’s third, fourth, and fifth issues are overruled. 
          In his sixth issue, appellant challenges the sufficiency of the evidence to
establish the fact that no “biological material” evidence exists to be tested. He asserts
that, under article 62.02(2), “the State has the initial burden of proof of showing that
biological materials or evidence no longer exists” and that the State has failed to meet
this burden. Specifically, appellant complains that “Harris County has within its
territorial boundaries a plethora of police and other law enforcement agencies” and
that the State “offered no evidence . . . to show that no other police agency” possessed
the evidence he seeks. We considered an identical argument in Caddie v. State and
concluded that the State is not required “to obtain an affidavit of no testable evidence
from every laboratory and police agency in the region.” No. 01-03-00570-CR, 2004
WL 1585298 at *2 (Tex. App.—Houston [1st Dist.] July 15, 2004, pet. ref’d). In
Caddie, as in this case, the offense occurred in Harris County, was investigated by
HPD, and the same three agencies provided affidavits. Id. at *2-3. Appellant
provided only speculation—on appeal—that there was a possibility that testable
evidence might have existed somewhere else and pointed to no evidence in the trial
court record to support such speculation. “Without a showing of any basis for such
a possibility in the trial court, we conclude that the evidence before the trial court was
sufficient to support its finding.” Id. at 3. Appellant’s sixth issue is overruled. 
                                                     CONCLUSION
          We affirm the order of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).