Affirmed and Memorandum Opinion filed March 29, 2007








Affirmed and Memorandum Opinion filed March 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00317-CR

____________

 

LUCIOUS RAY JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 176th
District Court

Harris County, Texas

Trial Court Cause No. 263,473

 



 

M E M O R A N D U M   O P I N I O N

In two issues, appellant Lucious Ray Johnson challenges the
trial court=s denial of his postconviction motion for DNA
testing.  We affirm.








Appellant was convicted of aggravated rape in 1978 and
sentenced to ninety-nine years= confinement.  On March 30, 2004,
appellant filed a motion for DNA testing pursuant to article 64.01 of the Texas
Code of Criminal Procedure, urging DNA testing of all evidence secured in
relation to the offense, which included a rape kit.  See Tex. Code Crim. Proc. Ann. art. 64.01
(Vernon 2006).  The State filed a motion to deny DNA testing, asserting that
appellant was not entitled to DNA testing because he did not show that the
evidence existed in a condition making DNA testing possible.  See id.
art. 64.03(a)(1)(A)(i) (Vernon 2006).  The State contended that none of the
courts or law enforcement agencies involved in the case possessed the requested
evidence and, in support, attached affidavits of representatives from the
Harris County District Clerk=s Office, Houston Police Department
Property Room, and Houston Police Department Crime Laboratory, and of the trial
court=s court reporter. 
After hearing the evidence, the court denied appellant=s motion, and this
appeal followed.          

We review the trial court=s decision to deny
DNA testing under a bifurcated standard of review.  See Whitaker v. State,
160 S.W.3d 5, 8 (Tex. Crim. App. 2004).  We defer to the trial court=s determination of
issues of historical fact and application‑of‑law‑to‑fact
issues that turn on credibility and demeanor, while we review de novo other
application‑of‑law‑to‑fact issues.  Id. 
Employing this standard, we defer to a trial court=s finding as to
whether the claimed DNA evidence exists and exists in a condition capable of
testing.  Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

Appellant first contends that, after he Araised [the issue]@ that evidence
existed in a condition suitable for DNA testing, the State failed to meet its
burden to demonstrate that it no longer possessed such evidence.  Appellant
complains the State=s affidavits were insufficient to disprove
that other law enforcement agencies within the convicting county=s territorial
boundaries have the requested evidence.  We, along with other courts, have
consistently rejected this argument under similar facts and accordingly
overrule appellant=s first issue.  See, e.g.,
Caddie v. State, 176 S.W.3d 286, 287 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d.) (AChapter 64 does
not require the State to obtain an affidavit of no testable evidence from every
laboratory and police agency in the region.@); Mearis v.
State, 120 S.W.3d 20, 25 (Tex. App.CSan Antonio 2003,
pet. ref=d) (A[T]he State did
not need to show that no other agency possessed evidence suitable for testing.@); Thompson v.
State, 123 S.W.3d 781, 786 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d) (AThe State was not
required to obtain affidavits from every criminal justice department in the
county as to criminal investigations in which they were not involved.@).








Appellant next claims the State violated his federal
constitutional due process rights because the State could not account for the
absence of evidence.  Appellant reasons that the State should not benefit from
misplacing, hiding, or possibly destroying evidence by subsequently arguing the
defendant failed to meet its burden under article 64.03, particularly in light
of its duty to preserve evidence under article 38.43 of the Texas Code of
Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 38.43(a) (Vernon Supp. 2006).  Here, the
State had to search for evidence over twenty-five years old, and it submitted
affidavits from four entities stating they did not have the evidence.  Viewing
the record before us under the appropriate deferential standard of review, we
do not find that the trial court erred in finding that no evidence existed
capable of DNA testing.  See Hurley v. State, No. 05‑06‑00034‑CR,
2006 WL 3528668, at *1 (Tex. App.CDallas Dec. 8,
2006, no pet.) (not designated for publication) (finding no due process
violation in trial court=s determination that no evidence capable
of DNA testing existed where appellant complained trial court failed to require
State to search Amore diligently@ for evidence
because evidence in question was over twenty-five years old, and State
submitted letters from three agencies stating each did not have evidence).  See
generally Cravin v. State, 95 S.W.3d 506, 511 (Tex. App.CHouston [1st
Dist.] 2002, pet. ref=d) (noting that Athere is nothing
fundamentally unfair about the procedures set out in chapter 64@ in overruling due
process complaint regarding appellant=s absence from
motion hearing).  Moreover, to the extent appellant suggests the State has
destroyed the evidence in violation of article 38.43, we do not have
jurisdiction to consider such contention on appeal from a denial of a
postconviction motion for DNA testing.  See Chavez v. State, 132 S.W.3d
509, 510 (Tex. App.CHouston [1st Dist.] 2004, no pet.)
(dismissing appeal from denial of postconviction DNA testing for want of
jurisdiction because appellant=s due process claim for State=s alleged
destruction of DNA evidence did not attack findings of trial court but amounted
to request for habeas relief); Johnson v. State,  No. 14‑02‑01012‑CR,
2003 WL 751021, at *1 (Tex. App.CHouston [14th
Dist.] Mar. 6, 2003, no pet.) (not designated for publication) (noting that
appellant did not invoke jurisdiction of appellate court where, on appeal from
denial of postconviction motion for DNA testing, he complained of
constitutional deprivation for State=s failure to
preserve DNA evidence for testing because such amounted to request for habeas
relief).  We overrule appellant=s second issue.

We affirm the trial court=s judgment.

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed March 29, 2007.

Panel consists of
Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex. R. App. P. 47.2(b).