COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




ANDREW LEE JACKSON,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00276-CR
 


Appeal from the


195th District Court


of Dallas County, Texas


(TC# F78-10429-N)



O P I N I O N


 This is an appeal from the court's order denying Appellant's motion for post-conviction
forensic DNA testing.

I. SUMMARY OF THE EVIDENCE


 In 1978, after a jury trial, Appellant was convicted of rape of a child and was sentenced to
ninety-nine years in the Institutional Division of the Texas Department of Criminal Justice. In 2003,
Appellant filed a motion for post-conviction DNA testing under article 64.01 of the Texas Code of
Criminal Procedure. He sought production and testing of evidence collected during a medical
examination of the complainant shortly after the alleged incident. The district court accordingly
ordered the State to deliver any such evidence or explain its absence.

 The State responded by submitting affidavits from representatives of the Southwestern
Institute of Forensic Sciences (SWIFS), the Dallas County District Clerk's Office, and the Irving
Police Department. SWIFS indicated that it could not locate the case file. The district clerk's office
stated that it found no evidence. The district clerk's office noted that it did not assume responsibility
for custody of felony evidence until 1989, and it stated that the implication of not finding evidence
in their files was that the court reporter had either disposed of the evidence prior to 1989 or failed
ever to turn the evidence over to the district clerk's office. The Irving Police Department stated that
it had no evidence, because all evidence had been released to the court.

 The State subsequently filed a supplemental response and affidavit noting that SWIFS was
able to find the appropriate case file, which indicated that it had originally received a vaginal swab,
vaginal smear, and blood sample from the victim, but that it could not locate the evidence sought. 
After reviewing the motion, responses, and affidavits, the court denied Appellant's motion for post-conviction DNA testing, finding that "evidence does not exist that is subject to DNA testing . . . ."

II. DISCUSSION


 In Appellant's sole issue on appeal, he asserts that the court erred in finding that evidence
does not exist that is subject to DNA testing under chapter 64 of the Texas Code of Criminal
Procedure. Specifically, Appellant argues that the State did not conduct a diligent search for
evidence, in that it did not inquire whether the court reporter possessed relevant evidence.

 Initially, we must respond to the State's assertion that Appellant has failed to preserve error. 
Texas Rule of Appellate Procedure 33.1(a) applies in an appeal from a trial court's denial of a
post-conviction petition for DNA testing. See Shannon v. State, 116 S.W.3d 52, 54-55 (Tex. Crim.
App. 2003) (citing rule 33.1(a) in holding that the appellant forfeited the right to complain on appeal
from the trial court's denial of a post-conviction motion for DNA testing); Tex. R. App. P. 33.1(a). (1) 
Here, the record before us does not show that Appellant asked the trial court to require the State to
inquire of the court reporter about whether he had evidence related to this case. Consequently,
Appellant has forfeited the right to complain on appeal that the trial court erred in failing to so direct
the State. However, even if Appellant had preserved error, we find that his contentions would have
been without merit.

 In reviewing a trial court's decision, we "afford almost total deference to a trial court's
determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility
and demeanor, while we review de novo other application-of-law-to-fact issues." Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002).

 A convicting court may order post-conviction DNA testing only if it finds that the evidence
still exists and is in a condition making DNA testing possible. Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A)(i). In determining whether biological evidence still exists, the convicting court may
rely on the sufficiency of the State's written explanation. Mearis v. State, 120 S.W.3d 20, 24 (Tex.
App.--San Antonio 2003, pet. ref'd). Chapter 64 does not require the trial court to conduct a hearing. 
Rivera, 89 S.W.3d at 58-59 (noting that "[n]othing in Article 64.03 requires a hearing of any sort
concerning the trial court's determination of whether a defendant is entitled to DNA testing"). 
Chapter 64 likewise does not require the State to obtain an affidavit of no testable evidence from
every lab or law enforcement agency in the region. Caddie v. State, 176 S.W.3d 286, 289 (Tex.
App.--Houston [1st Dist.] 2004, pet. ref'd). While the district clerk's office suggested, without
indicating the basis for the suggestion, that the court reporter in the case may have disposed of the
evidence or failed to turn it over to the clerk's office in 1989, when that office became the custodian
of all existing felony evidence, the court may well have concluded that this suggestion was too
speculative to warrant credence. See Hurley v. State, No. 05-06-00034-CR, 2006 WL 3528668, at
*1 (Tex. App.--Dallas Dec. 8, 2006, no pet.) (not designated for publication).

 Given the deference afforded the trial court's determination regarding the non-existence of
the evidence, we find that the court did not err in denying Appellant's motion for DNA testing. 
Appellant's sole issue is overruled.

III. CONCLUSION


 We affirm the trial court's order denying Appellant's motion for post-conviction DNA
testing.

 KENNETH R. CARR, Justice


August 9, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. To preserve error for appeal, rule 33.1(a) requires a timely, specific objection and a ruling by the trial court.
Tex. R. App. P. 33.1(a); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). Even constitutional errors may
be waived, if not properly preserved. Id. (holding all complaints, except those involving systemic requirements or rights
that are waivable only, are forfeited by failure to comply with rule 33.1(a)).