

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00558-CR

IVY MILLER HARBOUR                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

In a single point, Appellant Ivy Miller Harbour appeals the trial court's denial of her request for DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A) (West 2001). We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

**Background Facts and Procedural History**

In 1993, Appellant was convicted of aggravated sexual assault of a child and sentenced to sixty years' confinement. This court affirmed her conviction in 1995. *Harbour v. State*, No. 02-93-00540-CR (Tex. App.—Fort Worth Feb. 15, 1995, pet. ref'd) (mem. op., not designated for publication).

In 2007, Appellant requested DNA testing, and the trial court ordered the State to produce a list of any evidence in its possession that could be tested for DNA so that the trial court could determine whether further testing would be required. *See* Tex. Code Crim. Proc. Ann. art. 64.03. The State produced affidavits from the forensics division and from the property room of the law enforcement agency that had investigated the case, the Fort Worth Police Department, stating that the department had never been in possession of any biological material pertaining to Appellant's case. The trial court issued a finding that no DNA evidence existed and denied Appellant's request.

**Standard of Review**

A trial court's denial of a motion for post-conviction DNA testing is reviewed under a bifurcated process. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002), *cert. denied*, 539 U.S. 978 (2003) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)). We afford almost total deference both to the trial court's determination of historical fact and to its application-of-law-to-fact issues that turn on credibility and demeanor. *Id*. But we review de novo all other application of law-to-fact issues. *Id.* This de novo review usually includes the

2

ultimate issue in post-conviction DNA testing cases, which is whether "a reasonable probability exists that exculpatory DNA tests would prove their innocence." *Id.* (citing *Kutzner v. State*, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).

## Applicable Law

Before a trial court may order forensic DNA testing of evidence containing biological material, it must first find that the evidence still exists. Tex. Code Crim. Proc. Ann. art. 64.03(a); *see Bell v. State*, 90 S.W.3d 301, 306 (Tex. Crim. App. 2002). A convicted person who moves for post-conviction DNA testing bears the burden of satisfying the requirements of chapter 64 of the code of criminal procedure by showing that the evidence he wants tested contains biological material. *Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010). A mere assertion or general claim that there is evidence containing biological material fails to satisfy the movant's burden. *Id.*; *Routier v. State*, 273 S.W.3d 241, 256 (Tex. Crim. App. 2008), *cert. denied*, 541 U.S. 1040 (2004).

## The trial court properly denied the motion for DNA testing.

Appellant's motion presents nothing more than an unsupported general claim. She has failed to meet her threshold burden of showing that biological material that could be tested for DNA exists. Nor has she specified what type of biological material she believes may contain DNA. On the other hand, the State submitted two affidavits that the investigating agency was never in possession of any DNA evidence. The State is not required to submit endless affidavits from

3

every police and medical agency in the county to establish that no biological evidence exists. *See Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *Mearis v. State*, 120 S.W.3d 20, 25 (Tex. App.—San Antonio 2003, pet. ref'd). To the contrary, the court of criminal appeals has held that one affidavit from the investigating law enforcement agency stating that the requested biological evidence had been destroyed was sufficient to support the trial court's finding that no evidence existed. *Shannon v. State*, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003), *cert. denied*, 543 U.S. 829 (2004). Appellant has offered no evidence to contradict the affidavits presented by the State. We overrule Appellant's sole point.

## Conclusion

Having overruled Appellant's sole point, we affirm the trial court's denial of Appellant's post-conviction motion for DNA testing.

LEE GABRIEL
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2011