02-10-558-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00558-CR

 

 


 
 
 Ivy Miller Harbour
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Introduction

          In
a single point, Appellant Ivy Miller Harbour appeals the trial court’s denial
of her request for DNA testing.  See Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(A) (West 2001).  We affirm.

Background
Facts and Procedural History

          In
1993, Appellant was convicted of aggravated sexual assault of a child and
sentenced to sixty years’ confinement.  This court affirmed her conviction in 1995. 
Harbour v. State, No. 02-93-00540-CR (Tex. App.—Fort Worth Feb. 15,
1995, pet. ref’d) (mem. op., not designated for publication).

          In
2007, Appellant requested DNA testing, and the trial court ordered the State to
produce a list of any evidence in its possession that could be tested for DNA so
that the trial court could determine whether further testing would be required.
 See Tex. Code Crim. Proc. Ann. art. 64.03.  The State produced
affidavits from the forensics division and from the property room of the law
enforcement agency that had investigated the case, the Fort Worth Police
Department, stating that the department had never been in possession of any biological
material pertaining to Appellant’s case.  The trial court issued a finding that
no DNA evidence existed and denied Appellant’s request.

Standard
of Review

          A
trial court’s denial of a motion for post-conviction DNA testing is reviewed
under a bifurcated process.  Rivera v. State, 89 S.W.3d 55, 59 (Tex.
Crim. App. 2002), cert. denied, 539 U.S. 978 (2003) (citing Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).  We afford almost total
deference both to the trial court’s determination of historical fact and to its
application-of-law-to-fact issues that turn on credibility and demeanor.  Id. 
But we review de novo all other application of law-to-fact issues.  Id.  This
de novo review usually includes the ultimate issue in post-conviction DNA
testing cases, which is whether “a reasonable probability exists that
exculpatory DNA tests would prove their innocence.”  Id. (citing Kutzner v.
State, 75 S.W.3d 427, 439 (Tex. Crim. App. 2002).

Applicable
Law

          Before
a trial court may order forensic DNA testing of evidence containing biological
material, it must first find that the evidence still exists.  Tex. Code Crim.
Proc. Ann. art. 64.03(a); see Bell v. State, 90 S.W.3d 301, 306 (Tex.
Crim. App. 2002).  A convicted person who moves for post-conviction DNA testing
bears the burden of satisfying the requirements of chapter 64 of the code of
criminal procedure by showing that the evidence he wants tested contains
biological material.  Swearingen v. State, 303 S.W.3d 728, 732 (Tex.
Crim. App. 2010).  A mere assertion or general claim that there is evidence
containing biological material fails to satisfy the movant’s burden.  Id.;
Routier v. State, 273 S.W.3d 241, 256 (Tex. Crim. App. 2008), cert.
denied, 541 U.S. 1040 (2004).

The
trial court properly denied the motion for DNA testing.

          Appellant’s
motion presents nothing more than an unsupported general claim.  She has failed
to meet her threshold burden of showing that biological material that could be
tested for DNA exists.  Nor has she specified what type of biological material
she believes may contain DNA.  On the other hand, the State submitted two
affidavits that the investigating agency was never in possession of any DNA
evidence.  The State is not required to submit endless affidavits from every
police and medical agency in the county to establish that no biological
evidence exists.  See Caddie v. State, 176 S.W.3d 286, 289 (Tex. App.—Houston
[1st Dist.] 2004, pet. ref’d); Mearis v. State, 120 S.W.3d 20, 25 (Tex.
App.––San Antonio 2003, pet. ref’d).  To the contrary, the court of criminal
appeals has held that one affidavit from the investigating law enforcement
agency stating that the requested biological evidence had been destroyed was
sufficient to support the trial court’s finding that no evidence existed.  Shannon
v. State, 116 S.W.3d 52, 55 (Tex. Crim. App. 2003), cert. denied,
543 U.S. 829 (2004).  Appellant has offered no evidence to contradict the
affidavits presented by the State.  We overrule Appellant’s sole point.

Conclusion

          Having
overruled Appellant’s sole point, we affirm the trial court’s denial of Appellant’s
post-conviction motion for DNA testing.

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 25, 2011









[1]See Tex. R. App. P. 47.4.