02-10-453-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00453-CR

 

 


 
 
 Reginald Don Richardson
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          In
1997, Appellant was convicted of one count of aggravated sexual assault of
a child and one count of indecency with a child by contact, both enhanced by a
prior felony conviction, and he was assessed punishment at sixty years’
confinement and thirty-five years’ confinement, respectively.  We affirmed Appellant’s
conviction in 1998.  Richardson v. State, No. 02-97-00612-CR (Tex.
App.—Fort Worth Sept. 24, 1998, pet. ref’d) (not designated for publication).  In
2003, Appellant filed a request with the trial court for appointed counsel
pursuant to Texas Code of Criminal Procedure article 64.01(c).  See Tex.
Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2010).  Seven years later, on September
10, 2010, Appellant filed his request for DNA testing.  The State filed a
response and proposed findings of fact and conclusions of law.  The trial court
adopted the State’s proposed findings.  Appellant has appealed the trial
court’s denial of his motion to this court.  We will affirm.

          In
the findings of fact and conclusions of law adopted by the trial court, the court
found that the victim was sexually touched by Appellant at age eleven, and in
1993, when she was thirteen, Appellant engaged in sexual intercourse with her.  In
1995, a year after Appellant last sexually assaulted her, the victim outcried
to a program director at a boys and girls club.  The director reported the
outcry to the victim’s mother and to the authorities.  The trial court found
that the outcry was delayed, that no evidence existed in a condition making DNA
testing possible, and that Appellant was not entitled to DNA testing, and it subsequently
denied his motion for DNA testing.

ARGUMENTS
OF PARTIES

          In
his brief, Appellant contends that the trial court erred by
denying his motion on the basis of a “no evidence” affidavit.  The affidavit in
question was executed by a Fort Worth Police Department property custodian.  The
affiant swore that no such evidence existed in the Fort Worth Police
Department.  However, Appellant contends that the State “should have produced
affidavits from other agencies that could have retained evidence containing
biological material that could be subjected to testing,” and the Tarrant County
Medical Examiner’s Office was mentioned parenthetically as an office that
retains such evidence.  Appellant cites Dinkins v. State, 84 S.W.3d 639,
642 (Tex. Crim. App. 2002). 

The
State counters with a threefold argument:  1) Appellant did not complain to the
trial court or present any allegation that evidence existed elsewhere; 2) evidentiary
issues may be resolved by affidavit under article 64.03; and 3) the facts of
the case support a no evidence finding.  Since we do not understand Appellant
to be contesting disposition of the DNA hearing requests by affidavit under article
64.03, we need not consider the State’s second reply point.  The State
complains of procedural default in its first reply point, and its reliance on Shannon
v. State, 116 S.W.3d 52, 54–55 (Tex. Crim. App. 2003) might be well taken,
but we will assume arguendo that Appellant’s motion and accompanying affidavit
preserved his complaint for review.  We will answer the State’s third point—“the
facts of the case support a no evidence finding,”—in the affirmative.

STANDARD
OF REVIEW

In
reviewing a trial court’s ruling on a motion for post-conviction DNA testing,
an appellate court usually gives almost total deference to the trial court’s
findings of historical fact, and on application of law to fact issues that turn
on witness credibility and demeanor, but an appellate court considers de novo
all other application of law to fact questions.  Ex parte Gutierrez, 337
S.W.3d 883, 890 (Tex. Crim. App. 2011); see also Routier v. State, 273
S.W.3d 241, 246 (Tex. Crim. App. 2008).

APPLICABLE
STATUTORY LAW

Texas
Code of Criminal Procedure article 64.01 provides a convicted person with a
procedural vehicle to have forensic testing of DNA material that is contained
within existing evidence.  See Tex. Code Crim. Proc. Ann. art. 64.01. Article
64.01(b) specifies the parameters of the defendant’s motion for DNA testing,
limiting it to “evidence described by Subsection (a) that was secured in
relation to the offense that is the basis of the challenged conviction and was
in the possession of the [S]tate during the trial of the offense.”  See id.
art. 64.01(b) (emphasis added). In response to a defendant’s motion filed under
article 64.01, not later than sixty days after service of the motion, the State
must either “deliver the evidence to the [trial] court” or “explain in
writing to [that] court why the [S]tate cannot deliver the evidence to the
court.”  See id. art. 64.02(a)(2)(A)-(B).
(West Supp. 2010).  And, a convicting court may order forensic DNA testing
under this chapter only if the court finds that the evidence “still
exists and is in a condition making DNA testing possible.”  See id. art.
64.03(a)(1)(A)(i) (West Supp. 2010) (emphasis added).  Lastly, the law provides
that the convicted person establish by a preponderance of evidence that the
person would not have been convicted if exculpatory results had been obtained
through DNA testing.  See id. art. 64.03(a)(2)(A).

Appellant’s
specific complaint, that the State should have sought affidavits from other
agencies that might have been in possession of relevant
biological material subject to testing, finds little support in his citation to
Dinkins.  In Dinkins, the court of criminal appeals found that
Dinkins failed to specifically identify the biological material that he wanted
to test.  See Dinkins, 84 S.W.3d at 642.  Additionally, that court held that
a trial court is not obligated to order testing before a
convicted person establishes by a preponderance that there is a reasonable
probability that the person would not have been prosecuted or convicted if
exculpatory results had been obtained through DNA testing.  See id. at
643.  Thus, Dinkins is neither applicable nor helpful to Appellant’s
cause. 

In
its brief, the State, in answer to Appellant’s sole argument with regard to
testing by other agencies, responds that article 64.02 only requires the State
to explain why it cannot deliver evidence to the trial court and does not
require it to obtain affidavits from every laboratory and law enforcement or
police agency in the region to demonstrate that no evidence exists.  See Tex.
Code Crim. Proc. Ann. art. 64.02(a)(2)(B); see also Violet v. State, No.
02-03-00061-CR, 2003 WL 22804983, at *1 (Tex. App.––Fort Worth Nov. 26, 2003,
pet. ref’d) (mem. op., not designated for publication).  We agree. 

The
tenor of articles 64.02 and 64.03 is to provide an appellant with
post-conviction access to existing biological samples for the purpose of DNA
testing, not a carte blanche discovery mechanism to comb the laboratories and
police departments of this State for unidentified “evidence.”  A convicting court
may order forensic DNA testing under this chapter only if the evidence still
exists and is in a condition making DNA testing possible.  Tex. Code Crim.
Proc. Ann. art. 64.03(a)(1)(A)(i).  In the instant case, the State explained in
writing to the court why it could not deliver the evidence to the court, see
id. art. 64.02(a)(2)(B), stating under oath that the Fort Worth Police Department
did not have possession of any such evidence.[2]  Additionally, the
evidence showed that the victim outcried about a year after the last assault
suffered by the victim, thus the likelihood of any biological material
remaining in a testable form in, on, or near the victim was quite remote.  The
findings and conclusions of the trial court are supported by the evidence and
were made in accordance with articles 64.02 and 64.03.  We overrule Appellant’s
sole point and affirm the trial court’s judgment.

 

                                                                   PER
CURIAM

PANEL:  CHARLES F. CAMPBELL (Senior Judge,
Retired, Sitting by Assignment); WALKER and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2011









[1]See Tex. R. App. P. 47.4.





[2]Several of our sister
courts have explicitly held that the State is not required to obtain affidavits
from every possible agency in the area.  See Caddie v. State, 176 S.W.3d
286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d); Mearis v. State, 120
S.W.3d 20, 25 (Tex. App.––San Antonio
2003, pet. ref’d); Jackson v. State, No. 08-06-00276-CR, 2007 WL
2274670, at *2 (Tex. App.––El Paso Aug. 9, 2007, no pet.) (not designated for
publication); Johnson v. State, No. 14-06-00317-CR, 2007 WL 925704, at
*1 (Tex. App.—Houston [14th Dist.] Mar. 29, 2007, no pet.) (mem. op., not
designated for publication).