

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00453-CR

REGINALD DON RICHARDSON                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

In 1997, Appellant was convicted of one count of aggravated sexual assault of a child and one count of indecency with a child by contact, both enhanced by a prior felony conviction, and he was assessed punishment at sixty years' confinement and thirty-five years' confinement, respectively. We affirmed Appellant's conviction in 1998. *Richardson v. State,* No. 02-97-00612-CR (Tex. App.—Fort Worth Sept. 24, 1998, pet. ref'd) (not designated for publication). In

---

[1]*See* Tex. R. App. P. 47.4.

2003, Appellant filed a request with the trial court for appointed counsel pursuant to Texas Code of Criminal Procedure article 64.01(c).  *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2010).  Seven years later, on September 10, 2010, Appellant filed his request for DNA testing.  The State filed a response and proposed findings of fact and conclusions of law.  The trial court adopted the State's proposed findings.  Appellant has appealed the trial court's denial of his motion to this court.  We will affirm.

In the findings of fact and conclusions of law adopted by the trial court, the court found that the victim was sexually touched by Appellant at age eleven, and in 1993, when she was thirteen, Appellant engaged in sexual intercourse with her.  In 1995, a year after Appellant last sexually assaulted her, the victim outcried to a program director at a boys and girls club.  The director reported the outcry to the victim's mother and to the authorities.  The trial court found that the outcry was delayed, that no evidence existed in a condition making DNA testing possible, and that Appellant was not entitled to DNA testing, and it subsequently denied his motion for DNA testing.

**ARGUMENTS OF PARTIES**

In his brief**,** Appellant contends that the trial court erred by denying his motion on the basis of a "no evidence" affidavit.  The affidavit in question was executed by a Fort Worth Police Department property custodian.  The affiant swore that no such evidence existed in the Fort Worth Police Department.  However, Appellant contends that the State "should have produced affidavits

2

from other agencies that could have retained evidence containing biological material that could be subjected to testing," and the Tarrant County Medical Examiner's Office was mentioned parenthetically as an office that retains such evidence. Appellant cites *Dinkins v. State,* 84 S.W.3d 639, 642 (Tex. Crim. App. 2002).

The State counters with a threefold argument: 1) Appellant did not complain to the trial court or present any allegation that evidence existed elsewhere; 2) evidentiary issues may be resolved by affidavit under article 64.03; and 3) the facts of the case support a no evidence finding. Since we do not understand Appellant to be contesting disposition of the DNA hearing requests by affidavit under article 64.03, we need not consider the State's second reply point. The State complains of procedural default in its first reply point, and its reliance on *Shannon v. State,* 116 S.W.3d 52, 54–55 (Tex. Crim. App. 2003) might be well taken, but we will assume arguendo that Appellant's motion and accompanying affidavit preserved his complaint for review. We will answer the State's third point—"the facts of the case support a no evidence finding,"—in the affirmative.

**STANDARD OF REVIEW**

In reviewing a trial court's ruling on a motion for post-conviction DNA testing, an appellate court usually gives almost total deference to the trial court's findings of historical fact, and on application of law to fact issues that turn on witness credibility and demeanor, but an appellate court considers de novo all

3

other application of law to fact questions. *Ex parte Gutierrez,* 337 S.W.3d 883, 890 (Tex. Crim. App. 2011); *see also Routier v. State,* 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

**APPLICABLE STATUTORY LAW**

Texas Code of Criminal Procedure article 64.01 provides a convicted person with a procedural vehicle to have forensic testing of DNA material that is contained within existing evidence. *See* Tex. Code Crim. Proc. Ann. art. 64.01. Article 64.01(b) specifies the parameters of the defendant's motion for DNA testing, limiting it to "evidence described by Subsection (a) that was secured in relation to the offense that is the basis of the challenged conviction and *was in the possession of the [S]tate during the trial of the offense*." *See id.* art. 64.01(b) (emphasis added). In response to a defendant's motion filed under article 64.01, not later than sixty days after service of the motion, the State must either "deliver the evidence to the [trial] court" or "*explain in writing to [that] court why the [S]tate cannot deliver the evidence to the court.*" *See id.* art. 64.02(a)(2)(A)-(B). (West Supp. 2010). And, a convicting court may order forensic DNA testing under this chapter *only if* the court finds that the evidence "*still exists and is in a condition making DNA testing possible.*" *See id.* art. 64.03(a)(1)(A)(i) (West Supp. 2010) (emphasis added). Lastly, the law provides that the convicted person establish by a preponderance of evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. *See id.* art. 64.03(a)(2)(A).

4

Appellant's specific complaint, that the State should have sought affidavits from other agencies that *might* have been in possession of relevant biological material subject to testing, finds little support in his citation to *Dinkins.* In *Dinkins,* the court of criminal appeals found that Dinkins failed to specifically identify the biological material that he wanted to test. *See Dinkins,* 84 S.W.3d at 642. Additionally, that court held that a trial court is not obligated to order testing *before* a convicted person establishes by a preponderance that there is a reasonable probability that the person would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. *See id.* at 643. Thus, *Dinkins* is neither applicable nor helpful to Appellant's cause.

In its brief, the State, in answer to Appellant's sole argument with regard to testing by other agencies, responds that article 64.02 only requires the State to explain why it cannot deliver evidence to the trial court and does not require it to obtain affidavits from every laboratory and law enforcement or police agency in the region to demonstrate that no evidence exists. *See* Tex. Code Crim. Proc. Ann. art. 64.02(a)(2)(B); *see also Violet v. State,* No. 02-03-00061-CR, 2003 WL 22804983, at *1 (Tex. App.—Fort Worth Nov. 26, 2003, pet. ref'd) (mem. op., not designated for publication). We agree.

The tenor of articles 64.02 and 64.03 is to provide an appellant with post-conviction access to existing biological samples for the purpose of DNA testing, not a carte blanche discovery mechanism to comb the laboratories and police departments of this State for unidentified "evidence." A convicting court may

order forensic DNA testing under this chapter *only if the evidence still exists and is in a condition making DNA testing possible*. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i). In the instant case, the State explained in writing to the court why it could not deliver the evidence to the court, *see id*. art. 64.02(a)(2)(B), stating under oath that the Fort Worth Police Department did not have possession of any such evidence.[2] Additionally, the evidence showed that the victim outcried about a year after the last assault suffered by the victim, thus the likelihood of any biological material remaining in a testable form in, on, or near the victim was quite remote. The findings and conclusions of the trial court are supported by the evidence and were made in accordance with articles 64.02 and 64.03. We overrule Appellant's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: CHARLES F. CAMPBELL (Senior Judge, Retired, Sitting by Assignment); WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 31, 2011

---

[2]Several of our sister courts have explicitly held that the State is not required to obtain affidavits from every possible agency in the area. *See Caddie v. State,* 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd); *Mearis v. State,* 120 S.W.3d 20, 25 (Tex. App.—San Antonio 2003, pet. ref'd); *Jackson v. State,* No. 08-06-00276-CR, 2007 WL 2274670, at *2 (Tex. App.—El Paso Aug. 9, 2007, no pet.) (not designated for publication); *Johnson v. State,* No. 14-06-00317-CR, 2007 WL 925704, at *1 (Tex. App.—Houston [14th Dist.] Mar. 29, 2007, no pet.) (mem. op., not designated for publication).