Opinion filed August 23, 2018



### In The

# Eleventh Court of Appeals

_____

## No. 11-16-00277-CR

_____

## BELINDA LONELL DAVIS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 13414**

### M E M O R A N D U M   O P I N I O N

Belinda Lonell Davis appeals the trial court's order denying her motion for postconviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01–.05 (West 2018). In one issue on appeal, Appellant contends that the trial court erred in finding that the evidentiary items that Appellant sought to be tested are not in the possession of the State. We affirm.

In 2010, the jury convicted Appellant of capital murder for her role in the death of her husband, Roy Dean Davis. The State elected not to pursue the death

penalty, and the trial court assessed a life sentence in the Institutional Division of the Texas Department of Criminal Justice, without the possibility of parole. This court subsequently affirmed Appellant's conviction in an opinion and judgment issued in 2012. *Davis v. State*, No. 11-10-00203-CR, 2012 WL 2862367 (Tex. App.—Eastland July 12, 2012, pet. ref'd) (mem. op., not designated for publication).

Appellant filed a pro se motion for postconviction DNA testing of a used Xbox, three video games, a remote and sensor for a DVD, two controllers, and a black bag for the controls. Appellant contends that these items were seized by the Palo Pinto County Sheriff's Department and that they were used as evidence against her at trial. As we noted in our opinion in the direct appeal, the State alleged that Appellant caused the death of her husband by employing her ex-brother-in-law, James Neil Cook, to murder her husband in exchange for an Xbox and a Honda motorcycle. *Id.* at *1. We noted that Cook eventually pawned the Xbox. *Id.* at *2. We also noted that Cook took some CDs, a DVD player, and a handheld video game device from Appellant's home at the time he shot Appellant's husband in order to make it appear that a burglary was the motive for the shooting. *Id.*

The State filed a written reply to Appellant's motion for postconviction DNA testing. The State alleged that neither the Palo Pinto County Sheriff's Department nor the Texas Rangers were ever in possession of the items that Appellant sought to be tested. The State supported this allegation with two affidavits, one from Captain Randy Johnson of the Palo Pinto County Sheriff's Department in his capacity as the supervisor of the department's criminal investigation division and the other from Russ Authier, a retired Texas Ranger who was the lead investigator in the case against Appellant.

The trial court entered a written order denying Appellant's motion for postconviction DNA testing on the basis that "no evidence containing biological

material exists in a condition making DNA testing possible." The trial court cited CRIM. PROC. art. 64.03(a)(1)(A) in support of this finding.

Under Chapter 64 of the Texas Code of Criminal Procedure, a convicted person may file a motion for DNA testing in the convicting court. CRIM. PROC. art. 64.01(a-1). The motion must be accompanied by a sworn affidavit containing supporting facts. *Id.* The convicting court may order DNA testing only if it finds the following: (1) the evidence still exists, is in a condition making DNA testing possible, and is subject to a chain of custody sufficient to establish that it has not been altered; (2) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; (3) identity was or is an issue in the case; (4) the movant established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing; and (5) the request is not made to unreasonably delay the sentence. CRIM. PROC. art. 64.03(a).

In reviewing the trial court's Chapter 64 rulings, an appellate court gives almost total deference to the trial court's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor. *See Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011); *Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008). But the reviewing court reviews de novo all other issues applying law to fact. *Gutierrez*, 337 S.W.3d at 890; *Routier*, 273 S.W.3d at 246.

As correctly noted by the trial court, the convicting court must determine that the evidence at issue "still exists and is in a condition making DNA testing possible." CRIM. PROC. art. 64.03(a)(1)(A)(i). Under the applicable standard of review, reviewing courts "defer to a trial court's finding as to whether the claimed DNA evidence exists and is in a condition to be tested." *Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). The State responded to Appellant's motion by providing a written explanation that the items that Appellant

3

sought to be tested were not in the State's possession. A convicting court may base its decision regarding a Chapter 64 claim on the sufficiency of the State's written explanation. *Id.* Thus, the district court was free to base its decision on the sufficiency of the State's response and the accompanying affidavits. *See id.* at 290; *see also Cravin v. State*, 95 S.W.3d 506, 509 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (explaining that trial court may make its decision on basis of State's response alone and that State is not obligated to file affidavits).

Given the standard of review and in light of the record before this court, we conclude that the State's response and accompanying affidavits were sufficient to support the district court's conclusion that a DNA test could not be performed because the State did not have possession of the items sought to be tested. Accordingly, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

JUSTICE

August 23, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, J.; Gray, C.J., 10th Court of Appeals[1]; and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.