# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-12-00218-CR

**George Daniel Luster, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53755, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

In 2003, George Daniel Luster, Jr., pleaded guilty to aggravated sexual assault and was sentenced to 45 years' imprisonment after his deferred adjudication was revoked. *See Luster v. State*, No. 03-04-00674-CR, 2005 Tex. App. LEXIS 2646, *1-3 (Tex. App.—Austin Apr. 7, 2005, pet. ref'd) (mem. op., not designated for publication) (affirming conviction). In this case, Luster appeals from the district court's denial of his request for post-conviction DNA testing. *See* Tex. Code Crim. Proc. art. 64.05. In a single issue on appeal, Luster asserts that the district court erred by denying his request for testing because the State's response to his request was insufficient. Specifically, Luster contends that the statements contained in the response were not supported by sworn affidavits.

In his motion, Luster requested that DNA testing be performed on a sample collected from the victim. In his attached affidavit, Luster asserted that he pleaded guilty to the crime because

his appointed trial attorney informed him that "the biological material collected during the victim physical examination was tested" and that the DNA testing substantiated "that I penetrated the sexual organ of the 15 year old female victim." In addition, Luster stated in his affidavit that "the victim impact statement indicates that biological materials were collected from the victim and the Court's record reflects that I was charged for the DNA testing."

In its response to Luster's motion, the State asserted that the alleged crime occurred around June 15, 2001, and that the mother of the minor victim reported the crime on April 8, 2002, after she learned about the incident from her daughter. Further, the State related that the Temple Police Department "made an appointment for the victim to be examined by a sexual assault nurse examiner ('SANE')" but that the victim missed two appointments. In addition, the State revealed that the victim ultimately did receive an examination by a SANE nurse on November 19, 2002, but the State discussed how "no physical or biological evidence was collected from the victim during the examination" because of the amount of time that had passed between when the crime occurred and when the exam took place. Moreover, the State attached a copy of the SANE report to its response. That report reveals that although the victim was checked for injuries, no biological samples were collected.

After reviewing Luster's motion and the State's response, the district court denied Luster's request for DNA testing and found, among other things, that "there was no physical or biological evidence collected from the victim in this case, therefore the State has no biological or physical evidence in its possession, and there is no evidence to be DNA tested."

Under chapter 64 of the Code of Criminal Procedure, a convicting court may order post-conviction DNA testing if certain requirements are met. *Id.* art. 64.03(a). First, the convicting

2

court must find that the evidence "still exists and is in a condition making DNA testing possible." *Id.* art. 64.03(a)(1)(A)(i). In an appeal of a trial court's decision, reviewing courts "defer to the trial court's determination of historical facts, and its application of law to the facts if it turns on credibility and demeanor, and review de novo applications of law to the undisputed facts." *Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Under this standard, reviewing courts "defer to a trial court's finding as to whether the claimed DNA evidence exists and is in a condition to be tested." *Id.*

As mentioned above, Luster contends that the State's response was insufficient because it did not attach affidavits supporting the assertions in the response. However, although a convicted person is required to file an affidavit with his motion establishing a basis for the relief requested, the State is not required to file affidavits supporting its response. *See Whitaker v. State*, 160 S.W.3d 5, 8-9 (Tex. Crim. App. 2004); *Mearis v. State*, 120 S.W.3d 20, 24 (Tex. App.—San Antonio 2003, pet. ref'd). Instead, convicting courts may base their decisions on the sufficiency of the State's response regarding why testing is not possible. *Caddie*, 176 S.W.3d at 289; *Mearis*, 120 S.W.3d at 24; *Cravin v. State*, 95 S.W.3d 506, 509 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).[1]

---

[1] As support for the idea that the State was obligated to file supporting affidavits, Luster primarily relies on *Alvarado v. State*, No. 02-02-451-CR, 2003 Tex. App. LEXIS 7596, *7-8 (Tex. App.—Fort Worth Aug. 28, 2003, no pet.) (mem. op., not designated for publication), in which the appellate court reversed a convicting court's denial of a request for testing. In that case, the appellate court explained that although the statute does not require the State to file sworn affidavits as part of its response to a request for DNA testing, filing affidavits "is the better practice." *Id.* at *6. However, the appellate court explained that the reversible error in the case stemmed from the fact that the State's response contained "no explanation of why" it could not produce the evidence requested. *Id.* at *7. Accordingly, we believe this case to be distinguishable from the present case. In any event, as detailed above, other courts, including the court of criminal appeals, have determined that the State is not required to file supporting affidavits.

In light of the record in this case and given the standard of review governing these types of cases, we conclude that the State's response was sufficient to support the district court's determination that no DNA evidence exists that is in a condition to be tested. Accordingly, we overrule Luster's issue on appeal.[2]

Having overruled Luster's issue, we affirm the district court's order.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed: March 6, 2014

Do Not Publish

---

[2] To the extent that Luster is asserting that he was denied effective assistance of counsel when his attorney informed him that there was DNA testing linking him to the crime, we note that we do not have jurisdiction to consider that type of claim in a chapter 64 appeal. *See In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.). However, we note that ineffectiveness claims may be raised in post-conviction habeas proceedings. *See Ex parte White*, 160 S.W.3d 46, 49 n.1 (Tex. Crim. App. 2004); *see also Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483-84 (Tex. Crim. App. 1995) (explaining that court of criminal appeals has exclusive jurisdiction over habeas relief from final felony convictions).