346-15

PD-0346-15

In The
Court Of Criminal Appeals
Austin, Texas

Daniel Vasquez Dominguez
V.
The State Of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 04 2015

Abel Acosta, Clerk

Appeal No. 11-12-00349-CR
From the 104th District Court of Taylor County
Trial Court No. 13674-B

FILED IN
COURT OF CRIMINAL APPEALS

JUN 04 2015

Abel Acosta, Clerk

## Petition For Discretionary Review
Petitioner, Daniel Vasquez Dominguez

Daniel Vasquez Dominguez
Petitioner - Pro Se
TDCJ-ID# 1355966
Neal Unit
9055 Spur 591
Amarillo, Texas 79107

Requesting Oral
Argument

## Identity Of The Parties

Daniel Vasquez Dominguez
Petitioner - Pro Se
TDCJ-ID # 1355966
Neal Unit
9055 Spur 591
Amarillo, Texas 79107

/ Alex B. Eyssen, PLLC
Appointed Attorney for Art. 64
Post Office Box 3321
802 Mulberry
Abilene, Texas 79601

James Eidson, District Attorney
Criminal District Attorney
Taylor County Courthouse
300 Oak Street
Abilene, Tx. 79602

Patricia Dyer, Assistant
Criminal District Attorney
Taylor County Plaza
400 Oak Street, Suite 120
Abilene, Tx. 79602

Lee Hamilton, Judge
From the 104th District
Court Of Taylor County
Trial Court No. 13674-B
300 Oak Street
Abilene, Tx. 79602

( 1. )

## Identity Of The Parties

Eleventh District Of Texas
Court Of Appeals
100 West Main St., Suite 300
Eastland, Texas 76448

Justices Of The Court of Appeals
Panel consists of:
Jim R. Wright
Chief Justice

Mike Willson
Justice

John M. Bailey
Justice

Memorandum Opinion Handed Down on:
February 27, 2015 ; No. 11-12-00349-CR
by: Justice, Bailey, J.
Opinion of the Court, (Affirmed)

( 2. )

## Table of Contents

| | Page |
|---|---|
| Identity of the Parties | 1, 2 |
| Table of Contents | 3 |
| Index of Authorities | 4, 5 |
| Statement of Jurisdiction | 6 |
| Request for Oral Argument | 7 |
| Statement of the Case | 8, 9, 10, 11 |
| Statement of Procedural History | 12, 13, 14, 15, 16, 17 |
| Grounds for Review | 18 |
| Argument and Authorities | 19 thru 35 |
| Prayer for Relief | 36 – 37 |
| Appendix | 38 |
| — Exhibit – #1 (Appointed Counsels letter) | 39 |
| — Exhibit – #2 (exculpatory evidence filed in the 326th District Court under case file #5034-cx) | 40 |
| — Exhibit – #3 (Judge's Order for Counsel) | 41 |

( 3. )

# Index of Authorities

|  | Page |
|---|---|
| **Texas Court of Appeals cases:** | |
| Clewis v. State, 876 S.W. 3d 428 at 432 n.#8 (Tex. App.- Dallas 1994) | 23, 30 |
| Delapaz v. State, 228 S.W. 3d 183 (Tex. App.- Dallas 2007) | 32 |
| Freeman v. State, 230 S.W. 3d 392 (Tex. App.- Eastland 2007) | 34 |
| Gray v. State, 69 S.W. 3d 835, 837 (Tex. App.- Waco 2002, no pet.) | 19 |
| Hampton v. State, 36 S.W. 3d 921, 926 (Tex. App.- El Paso 2001) | 34 |
| Jeffery v. State, 903 S.W. 2d 776, 779 (Tex. App.- Dallas 1995 no pet.) | 28, 29 |
| Johnson v. State, 978 S.W. 2d 703 (Tex. App.- Corpus Christi 1998) | 23 |
| Murphy v. State, 111 S.W. 3d 846 (Tex. App.- Dallas 2003) | 19, 27, 28 |
|  | **Page** |
| **Texas Court of Criminal Appeals cases:** | |
| Cain v. State, 958 S.W. 2d 404, 408 (Tex. Crim. App. 1997) | 23 |
| Clewis v. State, 922 S.W. 2d 126 (Tex. Crim. App. 1996) | 23, 30, 31, 35 |
| Ex parte Gutierrez, 337 S.W. 3d 883 (2011 Tex. Crim. App. Lexis 545 at pg.#9) | 20 |
| Ex parte Schuessler, 846 S.W. 2d at 852 n.#5 (Tex. Crim. App. 1993) | 30 |
| Guzman v. State, 955 S.W. 2d 85, 89 (Tex. Crim. App. 1997) | 28 |
| Hampton v. State, 86 S.W. 3d 603 at 612 (Tex. Crim. App. 2002) | 34, 35 |
| Jackson v. State, 877 S.W. 2d 768, 771 (Tex. Crim. App. 1984) | 26, 27 |
| Johnson v. State, 23 S.W. 3d 1 at 3 (Tex. Crim. App. 2000) | 23 |
| Kutzner v. State, 75 S.W. 3d 427, 439 (Tex. Crim. App. 2002) | 20 |
| Rivera v. State, 89 S.W. 3d 55, 59 (Tex. Crim. App. 2002) | 28 |
| Smith v. State, 165 S.W. 3d 361 (Tex. Crim. App. 2005) | 20 |
| Thomas v. State, 841 S.W. 2d 399, 407 (Tex. Crim. App. 1992) | 32, 34 |

<u>United States Supreme Cases:</u>     | <u>Page</u>

Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, - · · · · · | 14, 18, 27, 28
18 L.Ed.2d 493 (1967)

Brady v. Maryland, 373 U.S. 83, 87-89, 83 S.Ct. 1194, - · · · · | 17, 18, 32, 33, -
10 L.Ed.2d 215 (1963)       - · · · | 34, 35

Strickland v. Washington, 466 U.S. 668, 687-688, 644, 104 S.Ct. 2052; · | 26, 27, 29, 30, -
80 L.Ed.2d 674 (1984)     · · · · | 35

United States v. Agurs, 427 U.S. 97, 106 S.Ct. 2392, - · · · · | 32, 33
49 L.Ed.2d 342 (1976)

United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, · · · · | 32, 33, 34
87 L.Ed 2d 481 (1985)


<u>Texas Constitution And Statutes:</u> | <u>Page</u>


Tex. Constitution Art. V. sec 5   · · · · · · | 6
Tex. Code Crim. Proc.   Art. 64.01(c)   · · · · · | 13, 18, 25
            Art. 64.01 (c),(6)   · · · · | 16
            Art. 64.01-64.05   · · · · · | 6 thru 32
            Art. 42.12   · · · · · | 12
Tex. R. App. Proc.    Rule- 26.2 · · · · | 12
Tex. Penal Codes - 22.011, 22.021 · · · · | 12
Tex. Gov'nt Code Ann. §§ 24.601, 24.634 (West 2004) | 9, 17


<u>United States Constitution</u> | <u>Page</u>
Sixth Amendment | 26
Fourteenth Amendment | 26

( 5. )

## Statement of Jurisdiction

Petitioner has timely filed procedural requirements pursuant to Tex. Code of Crim. Proc. Ann. 64.01-64.05 and now files his Petition for Discretionary Review with the Court of Criminal Appeals. The Court of Criminal Appeals shall have final appellate jurisdiction coextensive with the limits of the State, and its determinations shall be final, in all criminal cases of whatsoever grade, with such exceptions and under regulations as may be provided in the Texas Constitution, Art. V. sec. 5.

( 6. )

## Request for Oral Argument

Petitioner requests this cause be set for oral argument before the reviewing Court. To determine if the Court of Appeals ultimately applied factual-sufficiency review standard with the presumption that the evidence presented by the State defense was legally sufficient, ie. constitutionally sufficient for the purposes of the Due Process Clause of the Fourteenth Amendment, to deny petitioner's appeal from the trial court's decision on motions for post-conviction DNA testing. Tex. Code Crim. Proc. Ann. arts 64.01 thru 64.05 (Vernon Supp. 2003). The Petitioner has newly discovered evidence that was withheld from his trial that is so contrary to the overwhelming weight of the evidence as to be manifestly unjust, it shocks the conscience, and clearly demonstrates bias from the State and State agents. Because the Court of Appeals is not bound to view the evidence in light most favorable to the prosecution, it may consider the testimony of defense witnesses and the existence of alternative hypotheses. This Court should set aside the Court of Appeals Opinion and reverse and remand petitioner's appeal, for further review on the evidence.

(7.)

## Statement of the Case

This case involves an under age victim who at the time was considered Petitioner's stepdaughter that was living at Petitioner's home with his common law wife and two other daughters who were also under age at the time, or in February 1, 1999 when the alleged offense was charged.

In May 26, 2000 Petitioner was arrested for the charges of Aggravated Sexual Assault of a Child and Indecency with Child. The State Prosecution has stated in its state's response brief filed with the Eleventh Court of Appeals on June 21, 2013 that these offenses were committed on or about February 1, 1999. Petitioner was not indicted for these offenses until June 13, 2000 which would be a 17 month time lapse before indictment was issued.

- 1.) Why would the State wait so long to indict if it had sufficient evidence for the charges?

If the Court of Criminal Appeals would review Petitioner's past criminal history, it would find that prior to the alleged charges Petitioner had been arrested in May 24 of 1998 for burglary of a building and evading arrest. Petitioner was incarcerated and was sentenced to serve a one year sentence in Bartlett State Jail, in Bartlett, Texas. He was sentenced in (1999) and was released from incarceration in (2000). Upon Petitioner's release from confinement Petitioner was then arrested

( 8. )

on May 26, 2000, for aggravated sexual assault and indecency with a child.

2. If the alleged charges were true as the State Prosecution claims, why wait for release?, why not issue a detainer while in state jail?

The fact is that the Petitioner was incarcerated when the State made its alleged charges. After Petitioner's arrest in May 26, 2000 he remained in the Taylor County Jail until trial was set on Jan. 8, 2001. But during this restraint for these charges based on alleged statements as the State Prosecution claims. The victim whom Petitioner had allegedly sexually assaulted, ironically turns out to be impregnated and was due to give birth to a child on the first of June, as the report states in the Texas Department of Protective and Regulatory Services filed in the 326TH District Court under Cause No. 5034-cx, a family district court that by statute has primary responsibility for cases involving family law matters. Tex. Gov't Code Ann §§ 24.601, 24.634 (West 2004) (that was sealed)

3. How can a Texas State Court convict a person of the United States on mere statements, retrieved by the State Prosecution and State Agents, but did not convict a perpetrator who impregnates an under age victim?, who is the same victim that Petitioner is being accused of sexually assaulting.

The Ultimate question[s] for this Court to review

(9.)

are:

- 4.) How did this Child that was under investigation, and in Custody of the State, and State Agents, and under the age of consent turn out pregnant while Petitioner is being prosecuted and convicted?

- 5.) Did the State Prosecutor convict the person who get the victim pregnant under State laws of the penal codes. or was this evidence used to prosecute and convict the Petitioner?

- 6.) Why was testimony from experts who were involved in this pregnancy left out from Petitioners Jan. 8, 2001 trial?

- 7.) Does the State Prosecution from the 104th District Court of Taylor County, have the authority under State laws and the United States Constitution to convict one person but not another where the victim is the same one who was victimized?

- 8.) Does alleged statements of a sexual assault against an under age victim overide the actual sexual penetration of an under age victim? (under State laws)?

- 9.) How can the State Prosecution in this case determine that I am or not the father of this Child?

- Just as the State has stated in its response for the Appeals Court (at pg. 7 FN#4), "Unless the victim was pregnant for over two years It would not matter If the Petitioner were not the father of the child born to the victim. In other words from this State-

( 10. )

ment, the State is claiming that it is lawful to prosecute and convict a person on mere statements, but it wouldn't matter under State laws of Texas and United States Federal laws if an underage victim turns out pregnant for a sexual assault charge and while in their custody. This whole prosecution and conviction against the Petitioner is unlawful under, Texas State laws, and the United States Constitution laws.

Exculpatory evidence has been suppressed from disclosure, and was filed in another District Court.

Exculpatory documents, Testimony, and witnesses from State Agents have been withheld from Petitioner's trial, and is still being withheld under the filings of Art's 64.01-64.05 of the Tex. Code Crim. Proc.; State Agents were in possession of of the victim and her pregnancy, that required DNA testing and requires results under these statutes. Petitioner invokes the Court of Criminal Appeal's jurisdiction in this case, that is so contrary to the evidence to be overwhelming weight of the evidence as to manifestly unjust, it shocks the conscience and clearly "demonstrates bias" from the State, and its Agents involved in this case. Petitioner invokes a Clewis factual suffi- ciency review standard, where Court of Appeals did not apply proper review.

( 11. )

## Statement of Procedural History

In June 13, 2000 Petitioner was indicted for sexual assault of a child under the age of 14, 2 paragraphs, and a second count of indecency with a child. On January 8, 2001 Petitioner entered a plea of no-contest to there offenses. (Tex. Penal Codes; 22.011, 22.021). Pursuant to a plea bargain under (Tex. Code Crim. Proc. Art. 42.12). Trial Court agreed to suspend the imposition of the sentence of guilt. Petitioner was placed on defferred adjudication supervision for eight years under Art. 42.12. In the coarse and violation of these terms, the State filed its motion to adjudicate. The trial court determined that Petitioner violated stipulations of his deffered community supervision. Revoked deffered community supervision, adjudicated guilt and sentenced him to thirty years of confinement. The sentence was imposed in open court by Honorable Judge, Lee Hamilton from the 104th Dist. Court on February 10, 2004. Petitioner's attorney failed to advise the right to appeal and the time allowed for this process under T.R.A.P. 26.2. Petitioner attempted to file notice of appeal from judgment to adjudicate guilt, but because of Petitioner's attorney's failure to advise of the appeal process. Petitioner's direct appeal was dismissed for want of jurisdiction by the Eleventh District, Court of Appeals, because appeal was not timely filed with the trial court.

( 13. )

On May 15, 2012, Petitioner filed a motion for the appointment of counsel to assist with the Petitioner's motion for post-conviction on DNA and Forensic testing, because Petitioner had newly discovered evidence that the victim in his case, still under the age of consent at the time of his trial, was pregnant and the evidence pointed at Petitioner, as the perpetrator. The Petitioner submitted 2 motions (1) Motion for appointment of counsel with affidavit of Indegency attached; and (2) Motion for DNA and Forensic testing with supporting affidavit, requiring testing from the victim and the biological child, all medical records obtained by Hospital Medical Staff ie. (Nurses and Doctors), who were aware that the victim was under age and were treating her of her pregnancy at the time of Petitioner's trial. Included with his motions Petitioner attached a copy of his supporting affidavit with facts of what evidence he wanted tested. He also attached a copy of the discovered evidence that was filed in the 326th District Court of Taylor County as a (<u>sealed file</u>) at the time of his Jan. 8, 2001 trial.

On May, 30, 2012 the trial court appointed Mr. Alex Eyssen to represent and assist Petitioner in obtaining DNA testing pursuant to Art. 64.01(c) Tex. Code of Criminal Procedure. Mr. Eyssen in

( B. )

several of his communication letters, he requested that he be permitted to inspect the exculpatory file related to Cause #5034-CX. He stated that prior to being permitted to review the file, the District Judge first had to review the file and then contact the parties involved to allow them the opportunity to object. This included the victim. He stated that the judge would let him know "if and when he could inspect. He stated that he fully anticipated the Court would allow him to inspect the file, but if access was denied, he would then discuss other remedies to gain access to the information contained in closed file. He also stated that he was starting a new job in October but that the Court would appoint another attorney on (Sept. 21st, at 4:pm. See Exhibit-#1 )

The trial Court states that on December 19, 2012 it allowed Mr. Eyssen to withdraw because he was closing his law practice and leaving the State of Texas. Trial Court appointed attorney, Mr. Eyssen failed to represent Petitioner's case adequately and made false statements to the Court and the Client (-(Petitioner).

Appointed attorney Mr. Eyssen, allowed to withdraw from the case and abandon "unexhausted remedies" for Petitioner's Appeal. There was no Anders Brief filed indicating that Petitioners case was without merit therefore violating Due Process.

( 14. )

Trial Court did not appoint new counsel to represent Petitioner in Art. 64.01 (c), Tex. Code of Crim. Proc., after Mr. Eysan advised of his withdrawl.

On October 31, 2012 the trial court issued an order finding that:

- 1) The State's criminal case was based entirely on witness statements, and;

- 2) No physical evidence was seized by law enforcement, and;

- 3) No physical evidence was in possession of the State during the trial of the offense.

Also, in the October 31, 2012 order, the trial court determined that Petitioner was not entitled to DNA testing, and the trial court declined to order any DNA testing from Motions filed pursuant to Art's (64.01 - 64.05), Tex. Code of Crim. Proc.

The trial Court determined that there were no grounds for the Petitioner to file his motion for forensic DNA testing and that new counsel should not be appointed to represent the Petitioner on his appeal.

Upon reciept of the trial court's findings the Court of Appeals, 11th District, reinstituted Petitioner's pro se appeal, after abatement to determine counsel on appeal by the trial court. The trial Court overruled Petitioner's position, on request.

( 15 )

On April 19th, 2013, Petitioner filed his prose appeal with the Eleventh District Court of Appeal at Eastland, Texas, raising three issues on appeal:

1.) In Petitioner's <u>first</u> point of error, he contested that the trial court abused it's discretion by the denial of assistance of counsel on appeal for Petitioner's Post-Conviction, <u>Art.'s, 64.01 (c),(6), thru 64.05, Tex. CCP</u> (evidence that was secured and in relation to the offense that is the basis of the challenged conviction and was in the possesion of the state and state agents during the trial of the offense.(i) not available; or(ii) available, but not technologically capable of providing probative results (B) through no fault of the convicted person, for reasons that are of a nature such that the interests of justice requires.; DNA testing,and;

2.) In Petitioner's <u>second</u> point of error, he contested that appointed trial attorney Mr. Alex Eyssen for his Art. 64.01,(c)(6) Texas Code of Criminal Procedure, violated Petitioners, Due Process rights, by failure to investigate exculpatory evidence and present it to the Court under the filing of <u>Art's 64.01,(c)(6),</u> he was ineffective in preparing and following procedural requirements in post-conviction that violated Petitioner's right to equal protection of the law. In support of these issues Mr. Eyssen ~~failed to bring~~ forth evidence in relation that is the basis of the challenged conviction. (case #-(13674-B) and relating exculpatory evidence filed in the 326th District Court of Taylor County a family -

(16)

District Court that by statute has primary responsibility for cases involving family law matters. (Tex. Gov't Code Ann §§ 24.601, 24.634 West 2004). (The evidence regarding the victim's pregnancy and biological child at the time of Petitioner's Jan. 8, 2001 trial); (Case # - 5034-CX)

3) In Petitioner's third point of error, he contested the denying of Forensic, and DNA Testing Hearing where Brady Violations of exculpatory evidence "existed", "exist", that were, and are in possesion of the State, and State Agents. All evidence that has been hindered, is filed in the 326th District Court of Taylor, County which is considered a (closed and sealed file) (the evidence filed in 326th District Court was secured in relation to the offense that is the basis of the challanged conviction and was in the possesion of the State and State Agents from Child Protective Services and Medical Staff re. (Nurses, Doctors, and Experts).

The Eleventh District Court of Appeals at Eastland Texas, handed down its Opinion, affirming the order of the trial court on February 27, 2015.

(17.)

# Grounds for Review

**Ground one:**

Whether the Eleventh District, Court of Appeals erred in the factual sufficiency review that the trial court abused its discretion by not providing Petitioner adequate legal assistance of counsel for procedural requirements, required in post-conviction Forensic DNA Testing and the Appeal process under statutes of Tex. Code Crim. Proc. Ann. art. 64.01 thru 64.05 (Vernon Supp. 2003);

**Ground two:**

Whether the Eleventh District, Court of Appeals erred in the factual sufficiency review that appointed counsel for Art. 64.01(c) provided ineffective assistance of counsel by failure to investigate exculpatory evidence in violation of Due Process, and failure to prepare and follow procedural requirements for Petitioner's appeal pursuant to Ander's Brief, Tex. Code Crim. Proc. art. 64.05 (Vernon Supp. 2003);

**Ground three:**

Whether the Eleventh District, Court of Appeals erred in the factual sufficiency review that exculpatory evidence exists, that has been hindered from Petitioner's trial which is a violation pursuant to Brady and was through no fault of the Petitioner that this evidence was not discovered until now. Petitioner has filed his motions pursuant to Tex. Code Crim. Proc. Ann. art. 64.01-64.05 (Vernon Supp. 2003) seeking DNA testing Hearing from victim and biological child under these statutes.

( 18. )

## Arguments And Authorities

Questions for Review, Ground One:

Whether the Eleventh Court of Appeals erred in application of correct factual sufficiency review, where the trial court abused its discretion in not providing Petitioner adequate legal assistance of counsel for his procedural requirements, required in his post-conviction for forensic DNA testing and his appeal, under statutes of the Tex. Code Crim. Proc. Ann. art's. 64.01 - 64.05 (Vernon Supp. 2003).

## Argument

The legislature has provided indigent petitioner's the right to appeal the trial court's decision on motions for post-conviction DNA testing. See Murphy v. State, 111 S.W.3d 846 (Tex. App.- Dallas 2003). Tex. Code Crim. Proc. Ann art. 64.05 (Vernon Supp. 2003). This statutory right includes representation by appointed counsel on appeal of the ruling. See Gray v. State, 69 S.W. 3d 835, 837 (Tex. App.-Waco 2002, no pet.).

The procedures for post-conviction DNA testing was authorized by legislature in the pursuit of justice. Because art. 64.01(c) does not differentiate between the trial and appellate phases the Court has held that an indigent person has statutory right to assistance on appeal under Chapter 64, Tex. CCP.; The statute does not

( 19. )

define "reasonable grounds" but Courts of appeals have developed some guiding priciples. Exparte Gutierrez, 337 S.W. 3d 883; (2011 Tex. Crim. App. Lexis 595 at *9). Though a convicted person need not prove entitlement (or a prima facia case of it) to DNA testing as a precondition for obtaining appointed counsel. Whether "reasonable grounds" exist for testing necessarily turns on what is required for testing. Basic requirements are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference. Kutzner v. State, 75 S.W. 3d 427, 439 (Tex. Crim. App. 2002); Smith v. State, 165 SW 3d 361 (Tex. Crim. App. 2005) (convicted person must prove that had, results of the DNA test been available at trial, there is a "51% chance" that he would not have been convicted). The Tex. Code Crim. Proc. Ann. ch. 64 is simply a procedural vehicle for obtaining certain evidence, which might then be used in a state or federal habeas proceeding. In Gutierrez, the Court of Criminal Appeals has made it clear that "before appointing an attorney" for an inmate seeking post-conviction DNA testing, a trial judge needs reasonable grounds to believe that (1) a favorable forensic test is a viable, fair, and rational possibility, and (2) such a test could plausibly show that the inmate would not have been convicted. Id. Before ordering testing, an inmate must establish, by a preponderance of the evidence, probable cause that he would not have been

( 20. )

convicted if exculpatory DNA results are obtained. Alternatively this Court has expressed that one could approach the "reasonable grounds" questions in the opposite direction. The trial judge could simply assume that the result of any proposed DNA testing is exculpatory in the sense that the test will prove that the inmate is not the source of that DNA. That is a favorable or exculpatory test result. But if that favorable or exculpatory finding would not change the probability that the inmate would still have been convicted, then there are no reasonable grounds to an attorney and no justification for ordering any testing. A favorable DNA test result must be the sort of evidence that would affirmately "cast doubt" upon the validity of the inmate's conviction, otherwise, DNA testing would simply muddy the waters. First, the trial court did appoint an attorney for Petitioner, therefore the judge must have been under probable grounds that exculpatory evidence does exist. Second, the exculpatory was not thoroughly obtained when DNA tests were denied from the victims "born child" during petitioner's conviction. Third, If an under age girl who is the victim in petitioners conviction, who turns out pregnant while he is being convicted, "doesn't cast doubt" upon the validity of petitioner's conviction. While she is still under the age of consent, then State laws are lawless in this State and are a violation of the United States Constitution". The Petitioner has two

( 21. )

questions for the Court of Criminal Appeals:

1.) Do the Texas State laws allow a district court to convict a person for sexually assaulting an under age victim and impregnating her, while he is incarcerated and being convicted, but there is no possible way that the accused could be the father of the victim's child, because Petitioner was no where the victim on either of the alleged charges? The State Prosecution used the victim's pregnancy to convict the petitioner, therefore petitioner has every right to Forensic DNA testing of the "Born Child's DNA" and any evidence relating to the victim's pregnancy ie. Doctor reports, Hospital records, and Expert testimony from State Agents Involved (C.P.S. Services) See: attached exculpatory evidence Exhibit #2 from the 326th Judicial District Court of Taylor County, Cause (No. 5034-CX), The Texas Department of Protective and Regulatory Services presented this report to enable the Court in its review and the State Agents Involved. If the Court of Criminal Appeals reviews this exculpatory evidence, this report expresses that petitioner, the accused of the sexual assault and as the result petitioner impregnated the victim. (see pg. #3) of report. It does not state that the victim was pregnant by some other perpetrator. Utilizing the pregnancy report and evidence to convict the petitioner at his Jan. 8, 2001 trial. Petitioner invokes

( 22. )

the Court of Criminal Appeals jurisdiction on a factual Sufficiency review pursuant to <u>Clewis v. State</u>, 922 S.W. 2d 126 (Tex. Crim App. 1996).

- 2) Did the Court of Appeals properly apply the correct standard of review in Petitioner's case? <u>Id.</u> The Court of Criminal Appeals while not permitted to conduct a de novo factual sufficiency review, can be called upon to determine whether the Court of Appeals applied the correct standard of review and considered all of the evidence that is relevant in the case. <u>Cain v. State</u>, 958 S.W. 2d 404, 408 (Tex. Crim. App. 1997). This Court's only review in the event of an improper application of the factual sufficiency review is to reverse the Court of Appeals decision and remand, with instructions, for appropriate review, see. <u>Johnson v. State</u> 23 S.W. 3d 1 at 3 (Tex. Crim App. 2000). <u>Johnson v. State</u> 978 S.W. 2d 703 (Tex. App. - Corpus Christi 1998). A review of the factual sufficiency of the evidence on the elements of a criminal offense differs from a review of the factual sufficiency of the evidence on an affirmative defense in at least two significant ways:

<u>First</u>, it involves issues of federal constitutional dimension and constitutional laws.

<u>Second</u>, it involves a much greater burden of proof at trial. <u>Clewis v. State</u>, 876 S.W. 3d 428 at 432 <u>n. 8</u> (Tex App. - Dallas 1999) (various ways of approach of a factual sufficiency review). In Petitioner's case the Court

( 23 )

of Appeals did not apply proper review, because at the first stage of Petitioner's post-conviction motions for art. 64.01-64.05 the trial judge appoints an attorney for Petitioner. During his investigation of the evidence of the victim's pregnancy and born child he suddenly closes his law practice and files a motion to withdraw from petitioner's case. He advises in a letter dated August 28, 2012 of all the avenues he was investigating to obtain the evidence needed for petitioner's (innocence of the charges). He explained that if access was denied, he would discuss other remedies to gain the evidence in the Sealed File for Cause NO. 5034-CX. In addition he also advised that his new job would start in October of 2012 and that before then, he had made arrangements with the Court on who it would appoint to take over his cases including petitioners. He stated that on Friday, September 21st 2012 at 4:00 p.m., the Trial Court would determine who it would appoint as petitioner's new attorney. See: (attached letter from Mr. Alex Eyssen as Exhibit # 1), with P.D.R. The trial court abused its discretion by not appointing another attorney to finish what Mr. Eyssen had stated was available in remedy. The trial court abused its discretion when it denied Petitioner's DNA testing of the victim's biological child, and abused its discretion when not providing counsel on appeal under statutes of Chapter 64, Tex. C.C.P.

(24.)

## Arguments And Authorities

Questions for Review, Ground Two:

Whether the Eleventh Court of Appeals erred in the factual Sufficiency review that appointed counsel for art. 64.01(c) provided Ineffective assistance of counsel by failure to investigate exculpatory evidence In violation of Due Process, and failure to prepare and follow statute procedural requirements for Petitioner's appeal pursuant to Anders Brief, Tex Code Crim. Proc. art. 64.05 (Vernon Supp. 2003)

## Argument

In May 15, 2012 Petitioner filed two motions with the trial Court pursuant to art. 64.01-64.05 Tex. Code Crim. Proc.;
1). motion requesting appointment of counsel to assist in the Obtaining of an Order for Forensic/DNA testing and;
2). motion requesting Forensic/DNA testing of evidence to prove Petitioners Innocence with supporting affidavit and Exhibit#2 of the exculpatory evidence relating to Petitioner's charges and offense. In May 30, 2012 by order of the trial judge, Mr. Alex Eyssen was appointed to represent Petitioner pursuant to art. 64.01(c) Tex. Code Crim. Proc. see attached Exhibit#3 - (Order Appointing Counsel).

Mr. Eyssen started an investigation of the exculpatory evidence that could prove Petitioner's Innocence or

(25.)

that would affirmately "cast doubt" upon the validity of Petitioner's conviction. Suddenly in the middle of his investigation retrieving factual evidence he filed notice to withdraw from Petitioner's case. He failed to complete his duties into the investigation of the exculpatory evidence that would prove Petitioner's innocence. He also failed to provide advisement of the procedural requirements under Chapter 64 and Petitioner's appeal process. Mr. Eyssen failed to function in his representation as counsel guaranteed by the Sixth Amendment violating Petitioner's rights under the Fourteenth Amendment to Due Process and Equal Protection of the Law. (U.S.C.A. Amends 6th, 14th)

Standard Review:

To prevail on an ineffective assistance of counsel claim, the defendant must <u>first</u> show that trial counsel's performance was deficient to the extent counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed 2d 674 (1984); <u>Jackson v. State</u>, 877 S.W. 2d 768, 771 (Tex Crim. App. 1994). The second step requires the defendant to establish that counsel's deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 687-688; <u>Jackson</u>, 877 S.W. 2d at 771. Prejudice is established by a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would

(26.)

have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, Jackson, 877 S.W.2d at 771. In addition, when reviewing a claim of ineffective, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is the defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy. Id. at 689, 104 S.Ct at 2065. The Court of Appeals misapplied factual sufficiency review under the Clewis standard where the questions lie as to why would appointed attorney Mr. Eyssen not file an Ander's Brief if Petitioner's case was so frivolous when he withdrew from the case. But Mr. Eyssen's reasons were not that Petitioner's case was frivolous, but that he found another job and would be closing his law practice. see (attached Exhibit #1) Therefore Mr. Eyssen was deficient when he did not make proper arrangements for re-appointment of counsel as he stated in his letter. An appointed attorney must withdraw from a frivolous appeal by filing a motion to withdraw and a brief in support of the motion, commonly known as an Ander's Brief. The purpose of an Ander's Brief is to show counsel performed a conscientious examination of the record and the appeal is so frivolous that the indigent appellant should be denied his right to appointed counsel on appeal. see Murphy v. State, 111 S.W 3d

(27.)

846 at 847 (Tex. App.-Dallas 2003). An Appellant's attorney must file a brief in which he concludes the appeal is wholly frivolous and without merit. The brief purports to be an _Anders_ brief. See generally _Anders v. California_, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Whether an attorney may file an Anders brief in an appeal of a trial court's ruling on a post-conviction motion for DNA testing appears to be an issue of first impression in this State. Therefore the Court of Appeals did not address whether Anders is applicable to the appeal before the Court, because appointed counsel is not allowed to make frivolous arguments in an appeal from a criminal conviction. See _Jeffery v. State_, 903 S.W.2d 776, 779 (Tex. App.-Dallas 1995, no pet.) Analysis of the relevant statute reveals there are three stages to a motion for post-conviction DNA testing. The _first stage_ is the motion itself and whether it complies with article 64.01. _The second_ stage is the court's determination of whether there is any biological evidence that should be tested, and whether there is a reasonable probability the evidence would prove the petitioner's innocence. See _Thompson v. State_, 95 S.W.3d 469, 472 Tex. App.-Houston [1st Dist.] 2002, pet. ref'd). _The third stage_ is the trial court's determination of whether the test results "_are favorable_" to the petitioner. _Murphy v. State_, 111 S.W.3d 846 at 849 (Tex. App.-Dallas 2003); _Rivera v. State_, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). (Citing _Guzman v. State_, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

( 28. )

With the relevant law in mind, the Court concludes that to perform a conscientious examination of the record in an appeal from a denial of a motion for post-conviction DNA testing, appointed counsel should follow certain standards. First, counsel should examine the petitioner's motion and supporting evidence to determine if they meet the statutory requirements of article 64.01. Second, if applicable, counsel should analyze the State's response to the motion, the trial court's ruling on whether to order DNA testing of the evidence at issue and any findings made in conjunction with the ruling. Finally, should the Court order DNA testing, counsel should analyze whether the trial court erred by concluding the results were not favorable to the petitioner. As required by Jeffrey, counsel must make appropriate citations to the record and to applicable statutes and case law to show conscientious examination of the record. See Jeffrey 903 S.W.2d at 779. Counsel must also pray in the brief the appellate court grant motion to withdraw. Applying the relevant factors and standards for an attorney's diligent representation. Mr. Eyssen was ineffective in his representation under Strickland. He did not complete his investigation of the exculpatory evidence to present it to the trial Court. He did not inspect the record file in the 326TH District Court (cause No. 5034-CX) as he promised he would, and in the event that the Court would deny his re-

( 29. )

quest he would discuss other remedies to gain access to the information contained in (cause no# 5034-cx). Mr. Eyssen was ineffective by failing to exhaust, unexhausted remedies in his representation. See attorney's letter, (Exhibit # 1) Instead, Mr. Eyssen withdraws from the case abandoning the representation and the procedural requirements for Petitioner's appeal under art's 64.01-64.05 of the Tex. Code Crim. Proc. (Vernon Supp. 2003). Petitioner invokes the Texas Court of Criminal Appeals to review petitioner's claims of ineffective assistance of counsel under Strickland where appointed counsel was deficient and prejudiced the outcome of the representation in a Forensic DNA testing hearing of a biological child that was born of the victim while Petitioner was being prosecuted and convicted for sexual assault of a child with the same victim, and State Prosecutors, and State Agents were aware of Her pregnancy and were in possession of the victim while all this took place. Petitioner invokes a Clewis standard review where Court of Appeal misapplied Factual Sufficiency review of the evidence relating to "favorable evidence" that would prove Petitioner's innocence. Clewis v. State, 922 S.W. 2d 126 (Tex Cr. App. 1996) Clewis v. State, 876 S.W. 2d at 429 n.1 (citing Exparte Schuessler, 846 S.W. 2d at 852 #5 (Tex. Crim. App. 1993).

(30.)

## Arguments And Authorities

**Questions for Review, Ground Three:**

Whether the Eleventh District, Court of Appeals erred in the factual sufficiency review that exculpatory evidence exist, that has been hindered from Petitioner's trial which is a violation pursuant to "Brady" and was "through no fault" of the Petitioner, that the evidence was not disclosed until now. Petitioner has filed his motions pursuant to Tex. Code Crim. Proc. Ann. art. 64.01-64.05 (Vernon Supp. 2003), seeking DNA testing hearing from alleged victim and her biological born child under these statutes.

## Argument

Petitioner invokes the Court of Criminal Appeals in a Clewis standard review, where the Court of Appeals misapplied a proper factual sufficiency review. Where the Petitioner's case involves an under aged victim that was pregnant and gave birth to a biological child while Petitioner was being prosecuted and convicted during his Jan. 8, 2001 trial which is the basis of the Petitioner's case. The State Prosecution and State Agents ie. (Abilene Police Dept. and Child Protective Services and Experts, Doctors and Nurses) used the evidence of the victim's pregnancy to prosecute and convict Petitioner.

(31.)

See; (Exculpatory evidence report), Exhibit #-2, This exculpatory evidence related to Petitioners conviction was filed in the 326th District Court of Taylor County. It was suppressed from Petitioner's conviction in Jan-8, 2001 and is still being withheld under art. 64.01-64.05 Tex. Code Crim. Proc. (Vernon Supp. 2003) and is a Brady violation, commonly known as Brady v. Maryland, 373 US.83 (1963) in which the Supreme Court ruled that suppression by the prosecution of evidence favorable to a defendant who has requested it violates due process, evidence known to the prosecution that is favorable to a defendant's case and material to the issue of guilt or to punishment and that the prosecution is obligated to disclose to the defense. See Delapaz v. State, 228 S.W. 3d 183 (Tex. App.-Dallas 2007). Under a claim of Brady v. Maryland, 373 U.S. 83, 87-88, 83 SCt. 1194, 10 L Ed. 2d 215 (1963), the State has an affirmative duty to disclose evidence favorable and material to a defendant's guilt or punishment under the due process clause of the Fourteenth Amendment. Thomas v. State, 841 S.W. 2d 399, 407 (Tex. Crim. App. 1992). This duty attaches with or without a request for the evidence. United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L Ed. 2d 481 (1985) when unsure of whether to disclose the evidence, the prosecutor should submit the evidence to the trial court for consideration. United States v. Agurs, 427 US. 97, 106 S.Ct. 2392, 49 L.Ed 342 (1976); Thomas, 841 S.W. 2d at 407.

(32.)

Petitioner contests that the exculpatory sealed file involving the pregnant victim (case No. 5034-CX) affirmatively has weight as to whether the Petitioner would have been convicted because the evidence is favorable to the validity of Petitioner's conviction. Tex. Code Crim. Proc. art. 64.04 (Vernon Supp. 2003). In Bagley the Supreme Court expanded the definition of favorable evidence to include both exculpatory evidence and impeachment evidence, because such evidence is favorable to the accused, so that, if disclosed and used effectively it may make the difference between conviction and aquittal; Bagley, 473 U.S. at 676, 105 SCt. at 3380. The Bagley Court eliminated the request prong of Brady and revised the three standards of materiality in Agurs to two standards. First in situations of the knowing use of perjured testimony the Court retained the harmless error standard, Bagley, 473 U.S. at 679, 105 Sct. at 33-82 n.9. The Court then combined the materiality standards for situations where the prosecutor failed to disclose favorable evidence. The Court found the Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). formulation of the Agurs test for materiality sufficiently flexible to cover 'no request', 'general request' and 'specific request' cases of prosecutorial failure to disclose evidence favorable to the accused: Petitioner argues that the court of appeals employed an improper standard for reviewing a pontential Brady violation by re-

(33.)

jecting the evidence of the sealed file where the victim was pregnant at the time Petitioner was being prosecuted and convicted for sexual assault charges on this under aged victim. Hampton v. State, 86 S.W. 3d 603 at 612 (Tex. Crim. App. 2002). Hampton v. State, 36 S.W. 3d 921, 926 (Tex. App. - El Paso 2001). The evidence in the sealed file (5034-CX) is material and there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the outcome, Bagley, 473 U.S. at 682 105 S.ct at 3383; Thomas, 841 at 404 n.7. The State has an affirmative duty to disclose exculpatory evidence that is material either to guilt or punishment. Brady, 373 U.S. at 86, 83 S.ct. 1194; Freeman v. State, 230 S.W. 3d 392 (Tex. App. - Eastland 2007); Hampton v. State, 86 S.W. 3d 603, 612-13 (Tex. Crim. App. 2002). The State's duty to reveal Brady material attaches when the information comes into its possession, not when it is requested. It is clear that with the evidence in this (case file # 5034-CX), that the State knew the victim was "pregnant", and convicted Petitioner for the "victim's pregnancy". Thomas v. State, 841 S.W. 2d 399. To establish reversible error, a defendant must show that (1)- the State failed to disclose evidence, regardless of the prosecution's good or bad faith, (2) - the withheld evidence is favorable to him and (3)-

(34.)

the evidence is material, there is a probability that had the evidence been disclosed the outcome of the trial would have been different, Hampton, 86 S.W.3d at 612 n. 26. Usually a determination concerning the materiality prong of Brady involves balancing the strength of the exculpatory evidence against the evidence supporting the conviction Id at 613 n. 27. Sometimes what appears to be relatively inconsequential piece of potentially exculpatory evidence may take on added significance in light of other evidence at trial. In that case a reviewing court should explain why a particular Brady item is especially material in light of the entire body of evidence. Hampton v. State, 86 S.W.3d at 613 n. 28 (Tex. Crim. App. 2002). Petitioner invokes the Court of Criminal Appeals under Clewis v. State, 922 S.W.2d 126 (Tex. Cr. App. 1996) where Court of Appeals misapplied factual sufficiency Review in Petitioner's case of the exculpatory evidence that would prove that he is innocent of the charges of aggravated sexual assault. Since the creation of the Texas Court of Criminal Appeals in 1891 appellate jurisdiction has included the power to examine factual sufficiency and every appellate court with criminal jurisdiction recognized acknowledged and utilized that power Clewis v. State, 922 S.W.2d at 141 (Tex. Crim App. 1996).

(35.)

<u>Prayer for Relief</u>

Wherefore, Petitioner prays that this Honorable Court grant Petitioner's petition for discretionary review, that this cause be set for submission in the Court of Criminal Appeals; and that after submission, this Court will reverse the judgment of the Court of Appeals, and re-mand the case for a new trial; and such other relief at law this Court deems appropriate.

Respectfully submitted,

<u>Daniel Vasquez Dominguez</u>
Daniel Vasquez Dominguez
TDCJ-ID.# 1355966 - Pro se
Neal Unit
9055 Spur 591
Amarillo, Texas 79107

(36.)

## Certificate of Service

I hereby certify that a true copy of Petitioner's, petition for discretionary review has been served upon by mail by U.S. Postal Service first-class on May 27th 2015 to the Texas Court of Criminal Appeals at P.O. Box 12308, Capitol Station, Austin, Texas 78711.

## Inmate's Unsworn Declaration

My name is Daniel Vasquez Dominguez, my date of birth is July 17, 1967, and my inmate identifying number, is # 1355966, I am presently incarcerated in the Neal Unit, in Amarillo, Potter County, Texas 79107. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 27th day of May, 2015.

Daniel Vasquez Dominguez
Petitioner's Signature

(32.)

# Appendix

## The Court of Appeals Opinion (Affirmed)



In The

# Eleventh Court of Appeals

## No. 11-12-00349-CR

## DANIEL VASQUEZ DOMINGUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 104th District Court
### Taylor County, Texas
### Trial Court Cause No. 13674-B

## MEMORANDUM OPINION

Daniel Vasquez Dominguez appeals the trial court's order denying his motion for DNA testing of evidence related to his conviction for aggravated sexual assault of a child. Because we conclude that the trial court did not err by denying the motion, we affirm.

### Background Facts

Appellant was indicted in 2000 for the offenses of aggravated sexual assault of a child and indecency with a child. On January 8, 2001, he entered a plea of no

contest to the offense of aggravated sexual assault of a child. Pursuant to a plea bargain agreement, the trial court deferred the adjudication of guilt and placed Appellant on community supervision for eight years. The State subsequently filed a motion to adjudicate. The trial court found that Appellant had violated the terms and conditions of his community supervision, revoked his community supervision, adjudicated his guilt, and sentenced him to confinement for thirty years. The sentence was imposed in open court on February 10, 2006. Appellant attempted to file a direct appeal from the judgment adjudicating guilt, but we dismissed the appeal for want of jurisdiction because the appeal was not timely filed.

On May 15, 2012, Appellant filed a pro se motion in the trial court for postconviction forensic testing. The trial court appointed counsel for Appellant in connection with the motion for postconviction forensic testing. Appointed counsel subsequently filed a motion to withdraw that the trial court granted. Appellant then filed this appeal. Upon our receipt of Appellant's pro se notice of appeal, we entered an order abating the appeal that required the trial court to make various findings. Pursuant to our abatement order, the trial court made the following findings:

1. On July 28, 2000, the trial court determined that the Appellant was indigent.

2. On February 10, 2006, the trial court revoked Appellant's community supervision, convicted him, and sentenced him to 30 years in prison. The Appellant has remained incarcerated since that time.

3. The trial court has received no information indicating any change in Appellant's financial circumstances.

4. Therefore, the trial court determines that Appellant is still indigent.

5. On May 30, 2012, the trial court appointed Mr. Alex Eyssen to represent Appellant in obtaining DNA testing pursuant to Article 64.01(c), Texas Code of Criminal Procedure.

6. On December 19, 2012, the trial court[] allowed Mr. Eyssen to withdraw because he was closing his law practice and leaving the [S]tate of Texas.

7. Appellant is not currently represented by counsel.

8. Appellant's attorney did not abandon the appeal; he was allowed to withdraw by the trial court.

9. On October 31, 2012, the trial court issued an order finding that:

---The State's (criminal) case was based entirely on witness statements, and

---No physical evidence was seized by law enforcement, and

---No physical evidence was in possession of the State during the trial of the offense.

10. In the October 31, 2012[] order, the trial court also found that the Appellant was not entitled to DNA testing; and, the trial court declined to order any DNA testing.

11. There are no reasonable grounds for the Appellant to file a motion for forensic DNA testing.

12. New counsel should not be appointed to represent the Appellant on appeal.

Upon receipt of the trial court's findings, we reinstated this appeal.

*Analysis*

Appellant presents three issues on appeal. In his first issue, Appellant complains of the "denial of assistance of counsel." In support of this issue, he alleges that his appointed counsel was ineffective "assisting in the investigation of

evidence filed in another court." Specifically, he contends that counsel did not thoroughly investigate the evidence regarding his victim's "pregnancy" case filed in the 326th District Court of Taylor County.[1] In his second issue, he complains of "violations of due process," "ineffective assistance of counsel," and "violation of equal protection of the law." In support of his second issue, he contends that trial counsel was ineffective for failing to present evidence from the 326th District Court. In his third issue, Appellant complains of the "denial of forensic, DNA testing hearing by Brady violations of exculpatory evidence related and filed in the 326th District Court."

This appeal was brought under Chapter 64 of the Code of Criminal Procedure. This chapter authorizes DNA testing in cases where the applicant meets the relevant requirements. TEX. CODE CRIM. PROC. ANN. art. 64.03 (West Supp. 2014). Chapter 64 also gives appellate courts jurisdiction to review an order by a trial court denying a request for postconviction DNA testing for cases in which the defendant was not given the death penalty. *Id.* art. 64.05 (West 2006). However, in an appeal from the denial of a request for DNA testing, we may not consider any claims that fall outside the scope of Chapter 64. *In re Garcia*, 363 S.W.3d 819, 822 (Tex. App.—Austin 2012, no pet.). "Chapter 64 is not an invitation to review every potential error in the underlying trial proceedings; instead, it is simply a procedural vehicle for obtaining evidence 'which might then be used in a state or federal habeas proceeding.'" *Id.* (quoting *Thacker v. State*, 177 S.W.3d 926, 927 (Tex. Crim. App. 2005)).

A trial court is only required to order DNA testing under Chapter 64 if the relevant statutory requirements are met. CRIM. PROC. art. 64.03(a). As noted above, the trial court based its order denying Appellant's request for DNA testing

---

[1]The 326th District Court is a "family district court" that by statute "has primary responsibility for cases involving family law matters." TEX. GOV'T CODE ANN. §§ 24.601, 24. 634 (West 2004).

on the fact that the State's criminal case against Appellant was based entirely on witness statements, that no physical evidence was seized by law enforcement, and that no physical evidence was in possession of the State during the trial of the offense.

A convicting court may base its decision regarding a Chapter 64 claim on the sufficiency of the State's written explanation. *Caddie v. State*, 176 S.W.3d 286, 289 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). In an appeal of a trial court's decision regarding a Chapter 64 claim, reviewing courts "defer to the trial court's determination of historical facts, and its application of law to the facts if it turns on credibility and demeanor, and review de novo applications of law to the undisputed facts." *Id.* Under this standard, reviewing courts "defer to a trial court's finding as to whether the claimed DNA evidence exists and is in a condition to be tested." *Id.* The clerk's record contains a letter from an assistant district attorney to Appellant's counsel advising him that Appellant's criminal case "was based entirely on witness statements. There was no physical evidence of any kind taken by the police."[2] There is also a letter in the clerk's record from Lieutenant David Atkins of the Taylor County Sheriff's Office addressed to the trial court that confirms this same information. In light of the standard of review governing this case and based on the record, we conclude that the evidence is sufficient to support the trial court's determination that no DNA evidence exists.

The bulk of Appellant's claims on appeal focus on his efforts to obtain evidence from another proceeding. By its express terms, Chapter 64 only applies to the testing of evidence "that was secured in relation to the offense that is the basis of the challenged conviction." CRIM. PROC. art. 64.01(b). Accordingly, Appellant's claims seeking to obtain evidence from another proceeding are beyond

---

[2]This letter also informs Appellant's counsel that the file in the 326th District Court from which Appellant sought evidence is a "closed and sealed file."

the scope of Chapter 64, and the trial court did not err in denying Appellant's request to test the evidence from the family court proceeding. Furthermore, Appellant's claims of ineffective assistance of counsel related to obtaining evidence from the proceeding must also fail because the requested evidence was beyond the scope of Chapter 64.

Regarding Appellant's request for the appointment of new counsel, Chapter 64 specifies that "[t]he convicting court shall appoint counsel for the convicted person if the person informs the court that the person wishes to submit a motion under this chapter, the court finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent." CRIM. PROC. art. 64.01(c). The trial court initially appointed counsel for Appellant, but subsequently determined that "[t]here are no reasonable grounds for the Appellant to file a motion for forensic DNA testing." Based upon this determination, the trial court concluded that it was not obligated to appoint new counsel on appeal. In this case, the trial court had evidence that no biological evidence existed that could be tested. That evidence provided sufficient justification for the trial court to determine that there were no reasonable grounds for the Chapter 64 motion to be filed. *See Blake v. State*, 208 S.W.3d 693, 695 (Tex. App.—Texarkana 2006, no pet.). Accordingly, we cannot conclude that the trial court erred by failing to grant Appellant's request for the appointment of new counsel. *See Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011) (stating that courts have found that reasonable grounds are not present if no evidence exists or if it has been destroyed).

In his brief, Appellant additionally challenges his original conviction. Chapter 64 does not confer jurisdiction upon this court to entertain collateral attacks on the trial court's judgment of conviction or to review, under the guise of a DNA testing appeal, anything beyond the scope of the request to conduct DNA

testing. *See Reger v. State*, 222 S.W.3d 510, 512–13 (Tex. App.—Fort Worth 2007, pet. ref'd); *Hooks v. State*, 203 S.W.3d 861, 866 (Tex. App.—Texarkana 2006, pet. ref'd). Accordingly, we do not entertain Appellant's challenges to his original conviction.

For the foregoing reasons, we overrule Appellant's three issues challenging the district court's decision to deny his request for DNA testing and his request for the appointment of new counsel.

## This Court's Ruling

We affirm the order of the trial court.

JOHN M. BAILEY
JUSTICE

February 27, 2015
Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

( <u>Exhibit #1</u> )

Court Appointed Counsel's Letter

(39.)

Exhibit - 1

# LAW OFFICES OF ALEX B. EYSSEN, PLLC
POST OFFICE BOX 3321
ABILENE, TEXAS 79604
WWW.EYSSENLAW.COM

ALEX B. EYSSEN
ALEX@EYSSENLAW.COM

TELEPHONE: (325) 267-6030
FACSIMILE: (325) 267-6031

September 17, 2012

Honorable Lee Hamilton
Judge, 104th District Court
300 Oak Street
Abilene, Texas 79602

Re:     Cause No. 13674-B; State of Texas vs. Daniel Dominguez

Dear Judge Hamilton:

Please allow this letter to serve as a request for a hearing on Defendant's Motion for Forensic and DNA testing filed pro se by my client Daniel Dominguez.

In addition, I would request a hearing on the Motion to Withdraw and Request for Appointment of Counsel that was previously filed by my office. Both matters could be set at the same time.

Lastly, please allow this letter to serve as a request for my client to be bench warranted from the Nathaniel Neal Unit to Abilene so that he may attend these hearings in person.

Thank you for your attention to this matter.

Very truly yours,

Alex B. Eyssen

ABILENE OFFICE
802 MULBERRY
ABILENE, TEXAS 79601

ANSON OFFICE
311 N. COMMERCIAL
ANSON, TEXAS 79501

Exhibit - 1

CAUSE NO. 13674-B                         COPY

2012 AUG 28 PM 2 28

PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY, TEXAS
_____ DEPUTY

| | | |
|---|---|---|
| STATE OF TEXAS | § | 104TH DISTRICT COURT |
| | § | |
| vs. | § | OF |
| | § | |
| DANIEL VASQUEZ DOMINGUEZ | § | TAYLOR COUNTY, TEXAS |

## MOTION TO WITHDRAW, REQUEST FOR APPOINTMENT OF COUNSEL, AND NOTICE OF HEARING

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Alex Eyssen, Movant, and brings this Motion to Withdraw, Request for Appointment of Counsel, and Notice of Hearing and in support thereof shows:

1. Movant is the court-appointed attorney of record for Daniel Vasquez Dominguez.

2. Good cause to withdraw exists as specified below:

   a. The attorney of record, Alex Eyssen, is closing his law firm effective October 1, 2012. It is neither expected nor anticipated that the above-referenced case will be resolved by said date. Thus, the undersigned respectfully requests that he be allowed to withdraw and that another attorney be appointed to handle the above-referenced case.

3. The following settings exist in the above-reference case:

   a. Hearing on the Motion to Withdraw: September 21, 2012 at 4:00 p.m.

4. This request is not sought for delay.

### NOTICE TO CLIENT

A copy of this motion has been delivered to Daniel Vasquez Dominguez. The last known mailing address of Daniel Vasquez Dominguez is # 1355966 c/o Nathaniel Neal Unit, 9055 Spur 591, Amarillo, Texas 79107.

## NOTICE OF HEARING

This Motion is set for hearing at 4:00 p.m. on September 21, 2012 in the 104th District Court in and for Taylor County.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court will grant his motion to withdraw and appoint substituted counsel.

Respectfully submitted,

LAW OFFICE OF ALEX B. EYSSEN, PLLC
Post Office Box 3321
Abilene, Texas 79604
Tel: (325) 267-6030
Fax: (325) 267-6031

By:_____
      Alex B. Eyssen
      State Bar No. 24036542.
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on ___8/28___, 2012, a true and correct copy of the above and foregoing document was served on the Taylor County District Attorney's Office via hand delivery.

_____
Alex Eyssen

( Exhibit # 2 )

Exculpatory Evidence Filed In The
326th District Court Under Case File # 5034-CX

( 40.)

Exhibit - #2

Copy

CAUSE NO. 5034-CX

FILED
2001 MAR 7 PM 3 50
PATRICIA HENDERSON
DISTRICT CLERK
TAYLOR COUNTY, TEXAS
DEPUTY

IN THE INTEREST OF

§

DIANA FLORES,

§

§

§

IN THE DISTRICT COURT OF

TAYLOR COUNTY, TEXAS

CHILD

§

326TH JUDICIAL DISTRICT

PERMANENCY PLAN AND
PERMANENCY PROGRESS REPORT

The Texas Department of Protective and Regulatory Services presents this report to the Court to enable the court to review both the permanency plan for the children the subject of this suit and the progress that has been made toward ensuring that a final order consistent with this plan is rendered before the date for dismissal of the suit.

The Department was appointed Temporary Sole Managing Conservator of the children on May 22, 2000. The children came into conservatorship for the following reasons:

**Diana Flores made an outcry that her stepfather, Daniel Dominguez raped her four times. Initially the investigator asked the mother to allow Diana to live with her grandmother until the investigation was completed. Mother and stepfather did not want her to be away from home so the child was removed from the home. Daniel Dominguez was arrested and Diana was allowed to go back to the home to complete summer school. Diana was to have no contact at all with Mr. Dominguez and she would be removed if he got out of jail and moved back home.**

1.  SUBJECT CHILDREN

| NAME OF CHILD | DATE OF BIRTH | TYPE OF CURRENT PLACEMENT |
|---|---|---|
| **DIANA FLORES** | **11/09/85** | **OWN HOME** |

2.  PERSONS RECEIVING THIS REPORT

FATHER:  **Deceased**

MOTHER:
**Maria Flores**
**873 Sycamore St.**
**Abilene, TX 79602**

ATTORNEY FOR PETITIONER:

**Assistant District Attorney**
**Glenna Cordray**
**300 Oak St.**
**Abilene, Texas 79602**

ATTORNEY AD LITEM FOR THE CHILD:
**Stanley Smith**
**Attorney at Law**
**P. O. Box 3579**
**Abilene, Texas 79604**

ATTORNEY GARDIAN AD LITEM FOR CHILD
**Shane Deel**
**Attorney at Law**
**1057 S. 3rd**
**Abilene, Texas 79602**

A COPY HAS ALSO BEEN PROVIDED TO THE FOSTER PARENT OR DIRECTOR OF GROUP HOME OR INSTITUTION WHERE EACH CHILD IS RESIDING

3.  RECOMMENDATION FOR DISMISSAL OR CONTINUATION OF SUIT

The Department recommends that this suit be continued.  The Court:

☐  has not yet set a dismissal date for this suit, and the Department recommends that the date for dismissal of this suit be _____.

☒  has previously set the dismissal date for this suit as  May 28, 2001 ____, which is consistent with the current permanency plan.

☐  has previously set the dismissal date for this suit as _____, which is not consistent with the current permanency plan.  The Court has not yet granted a dismissal extension under TFC § 263.401 and the Department recommends that a new dismissal date be set for _____.

An extension of the date for dismissal of this suit under TFC § 263.401, has not been previously granted in this case.

4.  SERVICE

All parties have been served.

5. COMPLIANCE WITH TEMPORARY ORDERS AND WITH THE SERVICE PLAN

    5.1 SUMMARY OF ACTIONS TO BE ACCOMPLISHED BY PARENTS

        Maria and Diana Flores were to have a psychological evaluation. Home studies were to be done on family members interested in having Diana live with them. Maria, Diana, Cindy and Melinda will all participate in individual counseling and family therapy as necessary.

    5.2 EVALUATION OF COMPLIANCE

        Maria and Diana have both had psychological evaluations. Home studies were ordered on Maria's grandmother, but the grandmother would miss her appointments and did not cooperate with the worker doing the home study. They all attended counseling until B.J. Mayben dismissed Cindy and Melinda from care and later dismissed Maria. Diana continued counseling until B.J. Mayben dismissed her because she would not discuss the sexual abuse. Each time the counselor tried to get her to work through the problem of the sexual abuse, she would change the subject. Diana told worker that her mother and sisters did not try to influence her in regard to the court case. However, Diana refused to testify and told this worker that she did not want to see Daniel Dominguez go to jail because it would upset her mother and sisters. Maria, Cindy and Melinda have telephone calls with Mr. Dominguez. Diana has no contact whatsoever with Mr. Dominguez.

        Diana Flores is pregnant and due the first of June. She has prenatal care.

    5.3 SUMMARY AND EVALUATION OF ACTIONS TAKEN BY THE DEPARTMENT PURSUANT TO COURT ORDERS AND THE SERVICE PLAN, INCLUDING REASONABLE EFFORTS TO PURSUE THE PERMANENCY PLAN FOR THE CHILDREN.

        The Department has arranged and paid for psychological evaluations for both Diana and Maria Flores. The Department has arranged and

paid for counseling for Diana and Maria Flores and Cindy and Melinda Dominguez. Maria Flores has not completed parenting classes as ordered by the court but has discussed parenting issues with therapist.

### 5.4 PROGRESS MADE TOWARD ALLEVIATING OR MITIGATING THE CAUSES FOR THE CHILDREN'S REMOVAL FROM THE HOME

Daniel Dominguez received six years probation and is now currently living with his sister at 3649 Swenson her in Abilene. There is still a protective order in affect where Mr. Dominguez is not to go within 200 yards of the house at 873 Sycamore or the children's schools. Maria states that she will not allow him to move back into the home. Maria and Diana have attended counseling. This worker has not seen any discourse between the mother and Diana or Diana and her sisters.

## 6. EVALUATION OF THE CHILDREN'S CURRENT PLACEMENT

### 6.1 PLACEMENT HISTORY

| Name | Type of placement | Date placed |
|------|-------------------|-------------|
| Diana Flores | Basic Care foster home | 05/22/00 |
| Diana Flores | Home | 06/21/00 |

### 6.2 APPROPRIATENESS AND SAFETY OF CURRENT PLACEMENT AND PROGRESS IN MEETING CHILD'S NEEDS

Diana is in the most appropriate placement, her home. It is safe as long as Daniel Dominguez does not return home.

### 6.22 Least Restrictiveness

The placement is the least restrictive because she is placed in the home with her mother and sisters.

### 6.222 APPROPRIATENESS OF ANY INSTITUTIONAL PLACEMENT
N/A

### 6.23 Close Proximity

N/A

6.232   APPROPRIATENESS OF ANY OUT-OF-STATE PLACEMENT

N/A

6.3   CONTINUED NEED FOR PLACEMENT IN SUBSTITUTE CARE
N/A

7.   DESCRIPTION OF THE CHILD'S CURRENT PERMANENCY PLAN(S)

The permanency plan for the child is:

☒   Family Reunification

☐   Permanent Placement with Relative
    ☐   Transfer of Conservatorship
    ☐   Adoption

☐   Permanent Placement with Non-Relative
    ☐   Transfer of Conservatorship
    ☐   Adoption

☐   Foster care with long term commitment from foster family or facility

☐   Foster care with no long term commitment from foster family or facility

☐   Other living arrangement:
    [describe]

☐   Independent Living (child will be able to live on his or her own and successfully manage his or her personal affairs.)

☐   Long Term Care in Adulthood (placement in an institution as an adult due to a disability)
    ☐   with guardianship
    ☐   without guardianship

The approximate date for the achievement of this permanency plan – child is currently living in the home.

8.    PLANS, SERVICES, AND FURTHER TEMPORARY ORDERS NEEDED TO MEET THE CHILD'S NEEDS FOR SAFETY AND PERMANENCY AND TO ENSURE AN APPROPRIATE FINAL ORDER

    8.1    IF THE PLAN IS REUNIFICATION, THE STEPS TO BE TAKEN TO HAVE THE CHILD RETURN HOME AND REACH A LEGAL RESOLUTION REGARDING THE CASE.

        Diana is currently living with her mother. Daniel Dominguez received six years probation and is currently living with his sister at 3649 Swenson.

    8.5    ADDITIONAL SERVICES AND ORDERS RECOMMENDED
        N/A

RESPECTFULLY SUBMITTED BY:

_Norma Campbell_        _3-6-01_
Norma Campbell         DATE

_[signature]_        _3-6-01_
SUPERVISOR         DATE

# FAMILY SERVICE PLAN
## Cover Sheet II: Family Preservation

### IDENTIFYING INFORMATION

| Name(s) of Parents<br>Maria Flores , Daniel Vasquez Dominguez | Date of Participation<br>2/21/2001 | Date Plan Completed<br>3/5/2001 |
|---|---|---|
| Child(ren)'s Name(s)<br>Diana Flores , Melinda Dominguez , Cindy Dominguez | | Month/Year of Next Review<br>6/2001 |

### PURPOSE OF THIS PLAN

To The Parent: CPS has developed this plan with you to help resolve family problems that affect the safety of your child(ren). If you carry out this plan successfully, CPS may end its involvement with you and your family. If you do not, CPS may

- continue its involvement with you and your family, or
- recommend that your child(ren) be placed in substitute care.

You and your worker will evaluate your progress in carrying out this plan within three months, or sooner if important changes occur.

### EVALUATION OF PROGRESS

CPS will evaluate your progress with you on the basis of :
- your successful achievement of the goals stated in this plan;
- your successful completion of the tasks in this plan; and
- your ability to provide for the ongoing safety and well-being of your children

Information for this evaluation may come from any of the following sources:
- you and members of your family;
- CPS staff who have worked with you;
- the initial report or future reports of child abuse or neglect; and
- other agencies, individuals, and community professionals

**Parents' Comments:**

**Contact Person -** For information about your children, please contact

| Name of Contact Person<br>Norma Jean Campbell | Telephone<br>(915) 691-8117 Ext |
|---|---|

_____ _____
Signature - Parent                Date

_____ _____
Signature - Parent                Date

*Norma Campbell* 3-6-01
Signature - Worker        Date

*[signature]* 3-6-0
Signature - Supervisor        Date

If the parents did not participate in developing this plan, explain:

Date CPS gave or mailed a copy of this plan to the parents:

# FAMILY SERVICE PLAN

## YOUR RIGHT TO REQUEST A REVIEW

You may request a review of this plan at any time. You may also request an administrative review or a fair hearing if CPS denies, reduces, or terminates protective services that you have requested, or does not act promptly on your request for protective services.

# FAMILY SERVICE PLAN
## Family Problems, Strengths, and Changes Needed

### LIST THE REASONS FOR CPS INVOLVEMENT:

Diana Flores was sexually abused by her stepfather, Daniel Dominguez. Maria Flores did not provide protection for her daughter which resulted in her removal. Mr. Dominguez was arrested, and Diana was returned to the mother's care.

### LIST THE UNDERLYING PROBLEMS CONTRIBUTING TO THE RISK OF ABUSE OR NEGLECT:

- Diana Flores is young and irresponsible.
- Parent did not protect the child from abuse.

### LIST THE FAMILY STRENGTHS AND RESOURCES:

The family has been cooperative with services and worker since Mr. Dominguez was arrested. Maria Flores has employment. There is extended family support. The mother appears to love her children, and they are bonded.

### SERVICE-PLAN GOALS   CHANGES NEEDED TO REDUCE RISK
What specific behavior(s) and condition(s) will demonstrate that the problems contribution to risk have been satisfactorily addressed and that the risk has been reduced?

- Maria Flores will see that Diana follows medical advice regarding her pregnancy. She will make sure that Diana is enrolled in WIC and follows her prenatal instructions from the doctor.
- Parent will demonstrate the ability to protect child from future abuse, and will show concern for child's future safety.

### EMERGENCY CONDITIONS

PRS has determined that one of the following emergency conditions continues to exist for this case and, therefore, services continue to be necessary:

1) A child is at risk of abuse or neglect, as determined by PRS;
2) A child has been removed from his/her home and placed in PRS care; or
3) A child formerly in PRS care is at-risk of being returned to PRS care.

### Tasks and Services for the Family

# FAMILY SERVICE PLAN

**Goal Description:**
Parent will demonstrate the ability to protect child from future abuse, and will show concern for child's future safety.

| Family Task<br>Cooperate<br><br>Maria will cooperate with the Protective Order and she will not allow Daniel Dominguez to come to the house at 823 Sycamore or take Diane anywhere Daniel Dominguez is present.<br><br>Court Ordered: Yes | CPS/Other Service<br>Discuss with family<br><br>Worker will discuss with the family the consequences if Daniel Domingues breaks the Protective Order.<br><br>Court Ordered: Yes |
|---|---|
| Beginning and Ending Dates (and/or Frequency)<br>03/01 to 06/01 | Beginning and Ending Date (and/or Frequency)<br>03/01 to 06/01 |
| Method of Evaluation:<br>Discussion with family | |

**Goal Description:**
Parent will demonstrate the ability to protect child from future abuse, and will show concern for child's future safety.

| Family Task<br>Cooperate<br><br>Maria Flores will not allow any contact of any kind between Daniel Dominguez and Diana Flores, including phone calls or letters. Maria Flores will not allow Daniel Dominguez to live in the same home with Diana Flores. She will report to CPS if Daniel Dominguez breaks the Protective Order.<br><br>Court Ordered: Yes | CPS/Other Service<br>Monitor and support<br><br>Worker will monitor the home for compliance and support the family.<br><br>Court Ordered: No |
|---|---|
| Beginning and Ending Dates (and/or Frequency)<br>03/01 to 06/01 | Beginning and Ending Date (and/or Frequency)<br>03/01 to 06/01 |
| Method of Evaluation:<br>Monitoring in the home and discussion with family | |

**Goal Description:**
Maria Flores will see that Diana follows medical advice regarding her pregnancy. She will make sure that Diana is enrolled in WIC and follows her prenatal instructions from the doctor.

| Family Task<br>Get medical help<br><br>Maria Flores will see that Diana Flores has medical help through out her pregnancy.<br><br>Court Ordered: No | CPS/Other Service<br>Discuss with family<br><br>Worker will discuss with the family the different programs that Diana can access to help her through her pregnancy.<br><br>Court Ordered: No |
|---|---|
| Beginning and Ending Dates (and/or Frequency)<br>03/01 to 06/01 | Beginning and Ending Date (and/or Frequency)<br>03/01 to 06/01 |
| Method of Evaluation:<br>contact with the doctor | |

( Exhibit # 3 )

Judge's Order Appointing Counsel

( 41.)

Daniel Vasquez Dominguez
TDCS-ID.#1355466
New Unit
9055 Spur 591
Amarillo, Texas 79107

"Legal Mail"

Court of Criminal App[...]
P.O. Box 12308, Capitol
Austin, Texas 78711

